508 A.2d 1216

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Randall HALL, Appellee.**

Superior Court of Pennsylvania.

Argued March 13, 1986.

Filed May 1, 1986.

---

Dennis C. McAndrews, Assistant District Attorney, Wayne, for Commonwealth, appellant.

Frank J. Marcone, Media, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

In this appeal by the Commonwealth from an order dismissing a criminal prosecution for homicide, we are called upon to apply Pa.R.Crim.P. 1100(e)(2) to a situation in which the Superior Court granted a new trial and thereafter denied a petition for reargument, and the Supreme Court denied a petition for allocatur and also a subsequent petition to reconsider. The trial court held that the period of one hundred and twenty (120) days within which to com-

mence trial began to run when the Superior Court granted a new trial. Because this period had expired before Randall Hall, the appellee, was brought to trial, the trial court dismissed, with prejudice, a pending charge of murder. We reverse.

The facts are as follows. Wanda Nicholson was killed in Darby Borough, Delaware County, on June 21, 1980. Randall Hall was arrested and charged with her murder. Following trial by jury, Hall was found guilty of voluntary manslaughter and possession of a firearm without a license. On direct appeal from the judgment of sentence, the Superior Court, on April 6, 1984, reversed and remanded for a new trial. See: *Commonwealth v. Hall*, 327 Pa.Super. 390, 476 A.2d 7 (1984). The Commonwealth thereafter filed a timely petition for reargument, which this Court denied on June 18, 1984. On July 17, 1984, the Commonwealth filed a petition for allowance of an appeal to the Supreme Court. Pursuant thereto, the Superior Court forwarded the record to the Supreme Court on July 20, 1984. The Commonwealth's petition for allowance of an appeal was duly considered by the Supreme Court and was denied on January 16, 1985. A petition for reconsideration, filed on January 31, 1985, was denied by the Supreme Court on April 18, 1985. The record was remanded to the trial court on May 14, 1985.

On June 19, 1985, thirty-six (36) days later, Hall filed a petition to dismiss all charges with prejudice, because the new trial had not commenced within one hundred and twenty days after the Superior Court had ordered a remand for new trial. The trial court agreed that Rule 1100(e)(2) had been violated and, on June 24, 1985, entered an order dismissing the charges against Hall. The Commonwealth appealed.

Rule 1100(e)(2) provides as follows:

When an appellate court has granted a new trial ... the new trial shall commence within one hundred and twenty (120) days *after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket.*

(emphasis added). The trial court in this case computed the one hundred and twenty (120) day period from April 6, 1984—the date on which the Superior Court entered the order reversing and remanding for a new trial. This was contrary to the clear language of the rule, which provides that the period commences when "the appellate court remands the record to the trial court."

The Superior Court docket discloses that it did not remand the record to the trial court. Instead, it transferred the record to the Supreme Court after the Commonwealth had filed in that Court a petition for allowance of an appeal. The record was not remanded to the trial court until it was remanded by the Supreme Court on May 14, 1985.

It was on this remand date that the one hundred and twenty (120) day period began to run pursuant to Rule 1100(e)(2). When, on June 19, 1985, the defendant filed a motion to dismiss, only thirty-six days had expired. The motion to dismiss, therefore, was premature and should have been denied.[1]

Reversed and remanded for further proceedings. Jurisdiction is not retained.

---

1. See and compare: *Commonwealth v. Paprocki,* 327 Pa.Super. 270, 475 A.2d 792 (1984); *Commonwealth v. Bond,* 350 Pa.Super. 341, 504 A.2d 869 (1986) (Concurring Opinion by Wieand, J., joined by Rowley, Beck and Tamilia, JJ.).