652 A.2d 811

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Hassan ABDULLAH, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 3, 1993.

Decided Jan. 17, 1995.

Frederick W. Ulrich, Public Defender, for appellant.

Richard A. Lewis, Dist. Atty., Richard E. Guida, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

Appellant appeals from the Order of the Superior Court affirming the judgment of sentence of the Court of Common Pleas. The issue presented in this case is whether violation of

Rule 1100(a)(2) [1] of the Pennsylvania Rules of Criminal procedure requires dismissal of the prosecution. For the reasons that follow, we affirm.

On April 3, 1989, the Dauphin County Task Force executed a search warrant on an apartment in the Borough of Pennbrook. The officers found significant quantities of cocaine, several firearms, money, and instruments for measuring, packaging, and consuming cocaine. Appellant was present in the apartment and charged with possession of cocaine with intent to deliver and possession of drug paraphernalia. Appellant was unable to post bond, and he was held in prison for 183 days. He petitioned for release on nominal bail pursuant to Rule 1100(e) of the Pennsylvania Rules of Criminal Procedure.[2] The court denied this petition at a hearing held on October 11, 1989, eight days after the filing of his petition. Appellant then filed a motion to dismiss, which was denied on November 13, 1989. Appellant's trial began on November 16, 1989. He was convicted by a jury of both of the charges against him. On appeal, the Superior Court affirmed the judgment of sentence but disagreed with the trial court's analysis of the Rule 1100(e) question. *Commonwealth v. Abdullah*, No. 552 HBG 1990 (Pa.Super. Oct. 2, 1991).

The trial court interpreted the language of Rule 1100(e) as allowing discretion in determining whether to release a defendant on nominal bail after being held in pre-trial incarceration in excess of 180 days; this discretion is consideration of the same factors normally considered in setting bail. *Commonwealth v. Abdullah*, No. 1089 CD 1989, slip op. at 17 (C.P. Dauphin County July 9, 1990). The trial court held that even

1. Rule 1100(a)(2) states:
   (2) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

2. Rule 1100(e) states in pertinent part:
   (e) No defendant shall be held in pre-trial incarceration on a given case for a period exceeding 180 days.... Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

if Appellant were entitled to release on nominal bail, he was not automatically entitled to have the charges against him dismissed. *Id.* at 18.

The Superior Court, in affirming the judgment of sentence, held that the trial court does not have discretion under Rule 1100(e) in determining whether to release a defendant on nominal bail after being held in pre-trial incarceration in excess of 180 days, but that Appellant was not entitled to have the charges against him dismissed. *Commonwealth v. Abdullah,* No. 552 HBG 1990, slip op. at 8–9.

■ The issue in this case is whether Appellant's pre-trial imprisonment after he petitioned for release on nominal bail requires dismissal of the charges against him.[3]

In addressing this issue, we must first determine whether the provisions of Rule 1100(e) are discretionary. Pursuant to Rule 1100(a)(2) of the Pennsylvania Rules of Criminal Procedure, a defendant held in pre-trial incarceration must be brought to trial no later than 180 days from the date that the complaint against him is filed. Rule 1100(e) requires that a defendant, upon petition, be released on nominal bail if he is held in excess of 180 days. In order for Rule 1100(a)(2) to have any force, Rule 1100(e) must be mandatory. The trial court has no discretion under this subsection; otherwise, a defendant could remain incarcerated in violation of Rule 1100(a)(2).

■ Having established that a trial judge does not have discretion in releasing a defendant on nominal bail under Rule 1100(e), we must determine whether Appellant was entitled to have the charges against him dismissed after being denied release on nominal bail. As the Superior Court recognized, the only situation under Rule 1100 which provides for dismissal of the charges is where a defendant on bail is not brought to

---

3. Appellant raised six claims of error in his petition for allowance of appeal before this Court; however, the focus of our allocatur grant was the issue raised under Rule 1100 of the Pennsylvania Rules of Criminal Procedure. After further review, we have determined that the five other issues raised do not warrant review. As such, these issues will not be addressed.

trial within 365 days of the date on which the complaint against him is filed.[4] *Id.* at 8–9. We agree with the Superior Court that Rule 1100(g) does not provide a remedy for violation of Rule 1100(a)(2) because Appellant was brought to trial within 365 days of his incarceration. As the Superior Court correctly noted, Appellant did not have to exclusively rely on the provisions of Rule 1100 for relief; he could have filed a petition for writ of habeas corpus. *Id.* at 9.

The Superior Court was correct in stating that Rule 1100 does not provide a remedy for a defendant who is improperly denied release on nominal bail. *Id.* After Appellant's petition for release pursuant to Rule 1100(e) was denied, thereby violating Rule 1100(a)(2), he filed a motion to dismiss. This motion also was denied. Appellant went to trial less than 365 days after the charges against him were filed and was convicted by a jury. The total time of Appellant's pre-trial incarceration was 226 days; however, the final thirty days resulted from a continuance requested by Appellant. This time can not be included in the period for calculating when trial must commence under Rule 1100(c)(3)(ii) of the Pennsylvania Rules of Criminal Procedure.[5] Appellant's trial, therefore, commenced only sixteen days beyond the 180 day limit allowed for pre-trial incarceration and well within the 365 day mandate for commencement of trial. Because Appellant was brought to trial within 365 days, Appellant was not entitled to have the

---

**4.** Rule 1100(g) states in part:

> **(g)** For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule had been violated.

**5.** Rule 1100(3)(c)(ii) states:

> **(c)** In determining the period for commencement of trial, there shall be excluded therefrom:
>
> . . . .
>
> (3) such period of delay at any stage of the proceedings as results from:
>
> . . . .
>
> (ii) any continuance granted at the request of the defendant or the defendant's attorney.

charges against him dismissed.[6] Accordingly, the Order of the Superior Court is affirmed.

ZAPPALA, J., concurs in the result.

MONTEMURO, J., is sitting by designation.

---

6. Appellant was not without remedy, however. As previously noted, Appellant could have filed a petition for writ of habeas corpus as a result of the improper denial of his request for release on nominal bail.