**COMMONWEALTH of Pennsylvania,**

v.

**Frederick Cecilo SISNEROS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1997.
Filed April 18, 1997.

---

R. Russell Pugh, Lancaster, for appellant.

Joseph C. Madenspacher, District Attorney, Lancaster, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and JOHNSON and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Just twenty-five years old, appellant Frederick Cecilo Sisneros is a study in our state's criminal justice system. Sisneros's odyssey began on March 12, 1991, when he pled guilty to eighteen indictment numbers containing fourteen counts of burglary, seventeen counts of theft, ten counts of criminal conspiracy, three counts of criminal mischief and one count of criminal trespass. In May of 1991, Sisneros was sentenced to ten to twenty years imprisonment. Subsequently, Sisneros appealed to this Court alleging that his sentence was defective and that trial counsel was ineffective. On June 29, 1992, this Court vacated the judgment of sentence and remanded for an evidentiary hearing. After the evidentiary hearing was completed, Sisneros was re-sentenced to his original term of incarceration. Sisneros next filed another appeal to this Court alleging that his guilty plea was defective in that he was never informed that the sentences for his crimes could be imposed consecutively. On May 31, 1994, this Court agreed with Sisneros and vacated appellant's judgment of sentence and remanded for a new trial.

On November 4, 1994, Sisneros filed a motion to dismiss alleging that the Commonwealth had failed to bring him to trial within the time specified in Pennsylvania Rule of Criminal Procedure 1100. Four days later, this motion was denied by the trial court. On November 17, 1994, pursuant to a negotiated agreement with the Commonwealth, Sisneros again pled guilty to the numerous counts of burglary, theft, criminal conspiracy,

criminal mischief and criminal trespass. On the same day, he was sentenced to six to twenty years imprisonment. Sisneros failed to file a direct appeal.

On March 29, 1995, Sisneros, acting *pro se,* filed a Writ of Habeas Corpus alleging that his earlier Rule 1100 argument possessed merit and that his trial counsel was ineffective in failing to file an appeal on this issue. Said petition was denied by the trial court on August 21, 1995. Sisneros, still acting *pro se,* next filed an appeal to this Court. Once again, this Court granted relief to appellant. In a memorandum decision, a panel of this Court decided to "grant [Sisneros] the right to appeal *nunc pro tunc* and remand to the trial court for the appointment of counsel." *Commonwealth v. Sisneros,* 453 Pa.Super. 686, 683 A.2d 314, No. 03267 Philadelphia 1995 at 3 (Pa.Super., 6/24/96). On October 10, 1996, new counsel was, in fact, appointed and the matter is now before this Court for disposition.[1]

On appeal, Sisneros alleges solely that his guilty plea was made involuntarily due to trial counsel's failure to protect his rights under Pa.R.Crim.P. 1100. The Commonwealth responds by contending that Sisneros's claim must fail because a guilty plea constitutes a waiver of all Rule 1100 violations. In resolving this matter, we find this Court's decision in *Commonwealth v. Gibson,* 385 Pa.Super. 571, 561 A.2d 1240 (1989), to be most informative. There, we stated:

A plea of guilty effectively waives all nonjurisdictional defects and defenses. *Commonwealth v. Coles,* 365 Pa.Super. 562, 530 A.2d 453 (1987). As such, this Court has unequivocally held that an irregularity in proceedings prior to a plea of

guilty, including an alleged violation of Rule 1100, would be reviewable to the extent that it effected the voluntariness of the guilty plea itself. *Commonwealth v. Riviera,* 254 Pa.Super. 196, 385 A.2d 976 (1978). Accordingly, although a violation of Rule 1100 would normally constitute reversible error, said violation may not be challenged where it does not effect the voluntariness of the plea. *Id.*

Where, however, the appellant can demonstrate that he did not knowingly waive his right to challenge said violation, and if he can demonstrate that the violation of Rule 1100 induced his guilty plea, he may be entitled to pursue his claim. *Commonwealth v. Harris,* 492 Pa. 381, 424 A.2d 1242 (1981). As such, the appellant may allege that the waiver resulted from the ineffective assistance of trial counsel. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

385 Pa.Super. at 575–77, 561 A.2d at 1242. Further, the standard of review for claims of ineffective assistance of counsel is well-settled. In order to prevail, appellant must demonstrate that the underlying claim is of arguable merit, that counsel's actions had no reasonable basis designed to effectuate appellant's interests and that counsel's actions prejudiced appellant. *See, e.g., Commonwealth v. Correa,* 444 Pa.Super. 621, 664 A.2d 607, 609 (1995); *Commonwealth v. Howard,* 538 Pa. 86, 92–94, 645 A.2d 1300, 1304 (1994).

Instantly, Sisneros's underlying claim may very well be of arguable merit. Pa. R.Crim.P. 1100(d)(2) provides:

When an appellate court has remanded a case to the trial court, if the defendant is incarcerated on that case, trial shall com-

---

1. We note our displeasure with both Sisneros's appellate counsel and the Commonwealth, as it appears that neither party is aware of where this case currently stands procedurally. Both parties, in their briefs to this Court, allege that an appeal is being taken from the trial court's August 21st order denying the Writ of Habeas Corpus. This is clearly erroneous. As noted above, this Court has previously entertained Sisneros's appeal of the August 21st order and ruled that appellant is entitled to an appeal *nunc pro tunc.* Accordingly, this case is instantly before this panel as a direct appeal from Sisneros's judgment of sentence. *See generally Commonwealth*

*v. Stock,* 545 Pa. 13, 17–19, 679 A.2d 760, 763 (1996) ("[I]n criminal cases where counsel's conduct has adversely affected the right to appeal, courts have granted an appeal *nunc pro tunc* on the basis that the defendant's right to appeal has been denied."). The Commonwealth's brief, which treats this case as if it was an appeal from the denial of a petition brought under the Post Conviction Relief Act, is most troubling. It is well settled that this Court has different standards in evaluating a PCRA claim and a direct appeal. *See Commonwealth v. Bronaugh,* 447 Pa.Super. 522, 670 A.2d 147 (1995).

mence within 120 days after the date of remand as it appears in the appellate court docket. If the defendant has been released on bail, trial shall commence within 365 days of the termination order.

■ In the case at hand, there is no question that Sisneros was incarcerated during the entire period leading up to his guilty plea. Accordingly, we must determine whether more than 120 days had lapsed before his plea was entered. *Id.* There is, however, great confusion surrounding "the date of remand" in this case. This Court entered its decision, which reversed Sisneros's judgment of sentence and ordered the case remanded, on May 31, 1994. Nevertheless, the date on which the appellate court enters its order is not the "remand date." *Commonwealth v. Hall,* 352 Pa.Super. 569, 508 A.2d 1216 (1986). Instead, "the remand date" is the date on which the prothonotary actually remands the record to the trial court. *Id.* How do we determine this date? Rule 1100(d)(2) states that the date must be found on the appellate docket. Moreover, the comment to Pennsylvania Rule of Appellate Procedure 2571, which also speaks to this issue, reads:

> In order that the 120 day retrial provision of Pa.R.Crim.P. 1100 may be applied, and at the request of the Criminal Procedural Rules Committee, these rules have been added to require that the date of remand of the record from the appellate court be noted on the appellate docket and a notation of that date be physically incorporated into the remanded record. The time for retrial could then run from the date of remand.

Instantly, the appellate court docket, which is included in the official record, does not contain a date of remand. The record does contain, however, a "Certificate of Contents of Remanded Record and Notice of Remand under Pennsylvania Rules of Appellate Procedure 2571 and 2572." This Certificate, which is signed by the Superior Court's prothonotary, contains a line which reads, "The

date on which the record is remanded is: _____." What is placed on the blank space following this line is most suspect. "July 5, 1994" is typed onto the line. This date, however, has been crossed out by pen ink and written along side is the date, "72394." Thus, we are presented with a mystery as to which date actually constitutes the "date of remand."

■ The difference between July 5th and 23rd is important. If we accept July 5, 1994, as the date of remand, then 122 days lapsed before Sisneros filed his motion for dismissal and Rule 1100(d)(2) was, in fact, violated. If, however, we accept July 23, 1994, as the date of remand, then 104 days lapsed before appellant filed his motion to dismiss and a total of only 113 days elapsed before Sisneros was brought to trial for Rule 1100's purposes.[2] Thus, a July 23rd date of remand would not result in a Rule 1100 violation.

■ We note that Sisneros argues that even if the Prothonotary of the Superior Court had remanded the record in this case on July 23rd, a violation of Rule 1100 still occurred. He bases this argument on a claim that the prothonotary violated Pa. R.App.P. 2572 in failing to timely remand the case. Rule 2572(a)(1) states that "[t]he record shall be remanded to the court or other tribunal from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record." Sisneros reads this rule to provide that the record must be remanded on the thirty-first day following the appellate court's order. As such, he argues that the prothonotary was required to remand the record by July 1, 1994, which is thirty-one days subsequent to this Court's order of May 31, 1994. Sisneros further argues that since the prothonotary was required to remand his record to the trial court by July 1st, this date constitutes the "date of remand" under Rule 1100(d)(2).

---

**2.** Rule 1100 is tolled during the time between a defendant's filing pre-trial motions and the trial court's dispensing of such motions. *Commonwealth v. Oliver,* 449 Pa.Super. 456, ——————, 674 A.2d 287, 289–90 (1996). Thus, the four days between Sisneros's filing of his motion to dismiss and the trial court's denial of said motion would not be included in computing his time to trial. *Id.*

Sisneros presents a novel claim, as the language of Pa.R.App.P. 2572(a)(1) has yet to be interpreted by an appellate court in this state. Sisneros invites us to read the rule as establishing a steadfast mandate as to exactly when the record must be remanded. We decline. If the rule was meant to require that the record be remanded on the thirty-first day, it would been written as such. The plain language of Rule 2572(a)(1), as it currently exists, does nothing more than set a minimum as to when the record may be remanded. Quite simply, the prothonotary may remand the record any time after thirty days have passed from the Superior Court's judgment. The comment to Rule 2572(a) reveals that the purpose of the rule is judicial efficiency. Parties have thirty days to file a petition for allowance of appeal from a Superior Court decision with the Prothonotary of the Supreme Court. Pa.R.App.P. 1113. Accordingly, Rule 2572(a)(1) merely insures that the Superior Court Prothonotary does not unnecessarily remand a record to the trial court when the losing party appeals the decision to the Supreme Court. The rule was not enacted to force the Prothonotary of the Superior Court to remand the record on the thirty-first day. Accordingly, we refuse to accept the thirty-first day following a decision of this Court as the *per se* "date of remand" for Rule 1100(d) purposes. Instead, we hold that the "date of remand" which triggers Rule 1100 is the date upon which this Court's prothonotary actually remands the record to the trial court.[3]

Having resolved the above, we are still left with the question of whether the record in the case *sub judice* was remanded on July 5th or 23rd of 1994. Ordinarily, a remand to the trial court for a fact-finding hearing might be in order. We, however, do not believe that such a hearing is required in-

stantly. Quite simply, we are convinced that even if Rule 1100(d)(2) had been violated in the instant case, Sisneros's decision to enter the negotiated plea agreement would not have been altered.

Sisneros has consistently argued that the alleged violation of Rule 1100(d)(2) entitles him to have his charges dismissed. If this were the case, there would be no question that Sisneros would not have entered a guilty plea if he was aware a Rule 1100 violation had in fact occurred. Our own research reveals, however, that the question of what relief is due for a violation of Rule 1100(d)(2)'s 120–day retrial provision has yet to be answered. As such, we are presented with another issue of first impression.

Rule 1100 provides, in pertinent part, as follows:

> (d)(2) When an appellate court has remanded a case to the trial court, if the defendant is incarcerated on that case, trial shall commence within 120 days after the date of remand as it appears in the appellate court docket. If the defendant has been released on bail, trial shall commence within 365 days of the termination order.
>
> \* \* \* \* \* \*
>
> (g) For defendants on bail after the expiration of the 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

**3.** While defendants are entitled to no relief under Rule 1100 for excessive delay in remanding the record, such defendants are not without recourse. It is well established that a Rule 1100 violation is distinct from a violation of defendant's right to a speedy trial guaranteed under the United States and Pennsylvania Constitutions. *See Commonwealth v. DeBlase*, 542 Pa. 22, 665 A.2d 427 (1995); *Commonwealth v. Smith*, 524 Pa. 72, 77–79, 569 A.2d 337, 340 (1990); *Commonwealth v. Crowley*, 502 Pa. 393, 398–400, 466 A.2d 1009, 1012 (1981); *Jones v.*

*Commonwealth*, 495 Pa. 490, 498–500, 434 A.2d 1197, 1201 (1981); *Commonwealth v. Pounds*, 490 Pa. 621, 627 n. 3, 417 A.2d 597, 599 n.3 (1980); *Commonwealth v. Myers*, 472 Pa. 200, 206–08, 371 A.2d 1279, 1282 (1977); *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 473–74, 565 A.2d 1204, 1207. Thus, while delay in remanding the record would not have an effect concerning Rule 1100, it would still count towards a violation of defendant's constitutional rights to a speedy trial.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a certain date.... If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

In essence, Sisneros invites us to apply Rule 1100(g)'s remedy for a violation of Rule 1100(d)(2)'s 120–day provision. We decline. This Court has recently stated that "Rule 1100, as written, only provides for dismissal of charges in cases where the defendant has not been brought to trial within 365 days." *Oliver,* 449 Pa.Super. at ——, 674 A.2d at 290 (emphasis added). No such remedy is prescribed for defendants incarcerated past 120 days. Further, our Supreme Court has recently stated that

> the only situation under Rule 1100 which provides for dismissal of the charges is where a defendant on bail is not brought to trial within 365 days ... Because Appellant was brought to trial within 365 days, Appellant was not entitled to have the charges against him dismissed.

*Commonwealth v. Abdullah,* 539 Pa. 351, 354–56, 652 A.2d 811, 813 (1995). *See also Commonwealth v. Thomas,* 394 Pa.Super. 316, 575 A.2d 921 (1990); *Commonwealth v. Shaffer,* 387 Pa.Super. 234, 563 A.2d 1270 (1989).

■ In light of the above, we find that, while violations of Rule 1100(d)(2)'s 365–day retrial provision require dismissal of the charges against a defendant, no such relief is due for violations of Rule 1100(d)(2)'s 120–day retrial provision. *See Abdullah, supra; Oliver,. supra.* The only remedy available to a defendant who has incurred a 120–day violation is release on nominal bail. *See generally* Rule 1100(e).

■ Instantly, Sisneros alleges that a Rule 1100(d)(2) violation occurred as he was incarcerated for over 120 days from the date his case was remanded. Assuming *arguendo* that Sisneros is correct in his allegation, he was not entitled to have his charges dismissed but only to petition for release on nominal bail. Further, the record reveals that Sisneros's case was scheduled to proceed to trial on November 17, 1994, the date he entered his guilty plea. Thus, appellant was entitled to have been released on bail for, at most, a few days. More importantly, if Sisneros had not entered the negotiated plea agreement, he was facing a maximum sentence of 406 years imprisonment and $662,000 in fines. N.T., 11/17/94 at 24. In the words of the trial judge, Sisneros was "getting a windfall" from the plea agreement. *Id.* Accordingly, we cannot conclude that the alleged Rule 1100(d)(2) violation in any way induced Sisneros's guilty plea. *See Gibson, supra.* Further, since no prejudice resulted from trial counsel's alleged ineffectiveness, Sisneros's appeal is doomed to failure. *See Pierce, supra; Gibson, supra.*

Judgment of sentence affirmed.

JOHNSON, J., concurs and dissents.

JOHNSON, Judge, concurring and dissenting.

I agree with so much of my colleagues' decision as restates the principle of law that an irregularity in proceedings prior to a plea of guilty is reviewable only to the extent that it affected the voluntariness of the guilty plea itself. However, my colleagues have proceeded to analyze whether appellant's counsel was ineffective without first establishing the necessary link between the Rule 1100 claim and the alleged involuntariness of the guilty plea. I must, therefore, dissent.

On a prior appeal to this Court, Frederick Cecilo Sisneros sought relief from an order denying habeas corpus relief. He raised numerous issues on appeal, all of which were related, directly or indirectly, to an alleged violation of Rule 1100. In addition, he argued that the trial court erred in denying him the assistance of counsel to pursue an appeal. A majority of a panel of this Court vacated the order denying habeas corpus relief and remanded for appointment of counsel. *Commonwealth v. Sisneros,* 453 Pa.Super. 686, 683 A.2d 314 (1996) (Table). In dissent, the Honorable Phyllis W. Beck found

that Sisneros' entry of a guilty plea waived all issues raised in that prior appeal. *Id.* Judge Beck stated:

> The law is clear that the entry of a guilty plea waives all grounds of appeal except challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Fultz,* 316 Pa.Super. 260, 462 A.2d 1340 (1983). Appellant raises several issues concerning the timeliness of the remanded trial, as well as issues concerning counsel's ineffectiveness. These issues do not address the voluntariness of the plea nor the jurisdiction of the sentencing court, and are therefore waived. *Commonwealth v. Fultz, supra* (assertion of ineffective assistance of counsel following an entry of a guilty plea will be a basis for relief only if there is a causal nexus between the alleged ineffectiveness and appellant's entry of what amounts to an unknowing or involuntary plea). As a result, even if new counsel had been appointed, the issues appellant claims he would have raised in a direct appeal were waived by the entry of his guilty plea.

*Id.* (Beck, J., dissenting), Dissenting Memorandum at 1–2.

Following remand, appointed counsel was first assigned on July 11, 1996. The notice of appeal nunc pro tunc was filed in the trial court on July 19, 1996. The appointment of counsel who filed the appeal was rescinded and present counsel was appointed on October 10, 1996. I now consider the propriety of the judgment of sentence entered on November 17, 1994, following the entry and acceptance of Sisneros's guilty plea.

My colleagues proceed to an ineffectiveness analysis on the alleged violation of Rule 1100 without first setting forth the issues which Sisneros puts before our panel. In his Statement of Questions Involved, Sisneros presents two issues:

> A. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S INEFFECTIVE [sic] CLAIM WITHOUT A HEARING.
>
> B. WHETHER THE 23 DAYS OF DELAY IN EXCESS OF THE 30–DAY MANDATE FOR REMAND OF THE RECORD LAID DOWN IN PA.R.A.P.

2572(A)(1) IS CHARGEABLE TO THE COMMONWEALTH FOR PENNSYLVANIA RULES OF CRIMINAL PROCEDURE PURPOSES?

Brief for Appellant at 6. Similarly, the Summary of Argument, sets forth in its entirety:

> A. Trial counsel was ineffective for failing to preserve Appellant's speedy trial claim, without a reasonable tactical basis. The Court erred when it denied post-conviction relief to Appellant without a hearing.
>
> B. The speedy trial claim is of arguable merit: more than 120 days elapsed from the statutory remand date to commencement of trial.

*Id.* at 10.

As my distinguished colleague, Judge Beck, observed on the prior appeal to this Court, these issues set forth in Sisneros's Statement of Questions Involved and Summary of Argument in this appeal do not address the voluntariness of the plea or the jurisdiction of the sentencing court. Neither issue even suggests that the speedy trial claim is in any way connected to Sisneros's entry of a guilty plea. Ordinarily, we will not consider a point that is not set forth in the statement of questions involved or suggested thereby. Pa.R.A.P. 2116(a). *Commonwealth v. Maris,* 427 Pa.Super. 566, 569, 629 A.2d 1014, 1016 (1993), *followed in Commonwealth v. Genovese,* 450 Pa.Super. 105, 112, 675 A.2d 331, 334 (1996); *Smathers v. Smathers,* 448 Pa.Super. 162, 164–65, 670 A.2d 1159, 1160 (1996). The summary of argument is expected to be an accurate and clear picture of the argument actually made in the brief concerning the questions. Pa.R.A.P. 2118. Because the Brief of Appellant does not properly raise the issue of the alleged involuntariness of the guilty plea, I would find that the issues Sisneros actually argues are waived.

Even if the issues have not been waived, I must dissent from my colleagues' addressing the merits of the ineffectiveness claim prior to any finding of a nexus between the alleged Rule 1100 claim and the voluntariness of the guilty plea. In his pro se Petition for Writ of Habeas Corpus filed April 10, 1995, Sisneros alleged:

5. That as a result of the failure of defendant's attorney to timely protect and pursue defendant's constitutional right to a speedy trial, defendant subsequently entered a new plea of guilty on or about November 17, 1994, and subsequently [was] repentance to six to twenty years on or about November 17, 1994.

.    .    .    .    .

Accordingly under the circumstances of this case at bar, the facts/record clearly show the defendant did not knowingly waive his right to challenge the violation of his right to a speedy trial (Pa.R.Crim.P. 1100) and that through ineffective counsel that the violation of the right to a speedy trial induced the guilty pleas as set forth above in paragraph (5), thus the issue of Pa.R.CRIM.P. 1100 was never waived as a result of the guilty plea.

(Petition for) Writ of Habeas Corpus, filed April 10, 1995 at 2, 3.

On these allegations, Sisneros is entitled to an evidentiary hearing, limited, initially, to the issue of whether the alleged violation of Rule 1100 induced Sisneros, in fact, to plead guilty. Pa.R.Crim.P. 1508. The burden is on Sisneros to establish that he was, in fact, induced to plead guilty based upon the violation of Rule 1100. *Commonwealth v. Logan,* 468 Pa. 424, 433, 364 A.2d 266, 271 (1976).

Because Sisneros has not yet established any connection between his underlying Rule 1100 claim and his guilty plea, I would refrain from considering whether that underlying claim has merit. In this submitted case, without the benefit of oral argument, I decline to join my colleagues in their interpretation of Pa.R.A.P. 2572 and Pa.R.Crim.P. 1100.

The matter should be remanded for an evidentiary hearing on Sisneros's claim that his plea was involuntary as a direct result of the impact flowing from the ruling on his Rule 1100 claim. He is entitled to the right to attempt to persuade a fact-finder that he would have preferred to have gone to trial on fourteen counts of burglary, seventeen counts of theft, ten counts of criminal conspiracy, one count each of criminal trespass and criminal mischief, and two counts of in-stitutional vandalism. Guilty Plea Transcript, November 17, 1994, at 2–10. Had he gone to trial on these charges, Sisneros would have faced a possible aggregate prison sentence, after allowing for merger of the theft charges, of four hundred and six years' imprisonment and fines up to $662,500. *Id.* at 13. Instead, under the negotiated guilty plea, he received a sentence of six to twenty years' imprisonment, with restitution in each case where property had not been recovered and returned. *Id.* at 38–43.

I believe that Sisneros has no right to have his underlying claim considered until he has convinced a fact-finder that his plea was, in fact, involuntarily induced by some improper factor. His right to have that adjudication is in the trial court and not on appeal. Accordingly, I must respectfully dissent.