COMMONWEALTH of Pennsylvania, Appellee,

v.

Dorian Lamont MONTGOMERY, Appellant.

Commonwealth of Pennsylvania, Appellant,

v.

Dorian Lamont Montgomery, Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.
Filed Oct. 26, 2004.

Karen Edwards, Asst. Dist. Atty., Pittsburgh, for Com.

D. Scott Lautner, Pittsburgh, for Montgomery.

BEFORE: JOYCE, TAMILIA, and POPOVICH, JJ.

OPINION BY JOYCE, J.:

¶ 1 These consolidated appeals arise from Dorian Lamont Montgomery's (Appellant) appeal from the judgment of sentence entered on March 4, 2003, in the Allegheny County Court of Common Pleas, and the Commonwealth of Pennsylvania's (the Commonwealth) appeal from the September 9, 2003 order granting Appellant's motion to dismiss pursuant to Pa. R.Crim.P. 600. For the reasons that follow, we affirm the judgment of sentence, and we reverse the order dismissing four charges on Rule 600 grounds. The rele-vant facts and procedural history underlying these appeals are as follows.

¶ 2 On September 14, 2001, Appellant was charged with four counts of aggravated assault (18 Pa.C.S.A. § 2702(a)(1)), and two counts of Violations of the Uniform Firearms Act (VUFA) (18 Pa.C.S.A. §§ 6105 and 6106). These charges were in connection with Appellant's involvement in a drive-by shooting that occurred on September 12, 2001. It is alleged that during that shooting, Appellant was driving in a car, and he fired several shots injuring four people standing in front of a house at 1729 Belleau Drive in Pittsburgh, Pennsylvania.

¶ 3 A jury trial commenced on December 16, 2002 before the Honorable Jeffrey Manning. At the conclusion of the trial, the jury found Appellant guilty of both VUFA charges, but it was unable to reach a verdict on the aggravated assault charges. Consequently, a mistrial was declared on the four aggravated assault counts.

¶ 4 At sentencing on the VUFA convictions, the trial court imposed sentences of 30 to 60 months' incarceration on each count to be served consecutively. Post-trial motions were filed and denied on June 9, 2003. On July 1, 2003, Appellant filed a timely notice of appeal.

¶ 5 On September 3, 2003, Appellant filed a motion to dismiss the remaining aggravated assault charges because he was not retried within 120 days in violation of Pa.R.Crim.P. 600. Following a hearing on this motion, the trial court granted Appellant's motion to dismiss. On September 26, 2003, the Commonwealth timely filed its notice of appeal. Our Court consolidated the appeals, and they are now ripe for

disposition. We will address the Appellant's appeal first.

**Appeal at 1259 WDA 2003**

■ ¶ 6 In his appeal, Appellant raises two issues:

Whether the trial evidence, given Antoinette Henson's recantation, was sufficient as to the identification of [Appellant] as the instant matter's shooter? Whether the trial court abused its discretion in sentencing [Appellant] outside the mitigated range?

Brief for Appellant, at 3. We will address these issues in the order presented.

■ ¶ 7 When reviewing a challenge to the sufficiency of the evidence, we must consider the facts in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Weiss*, 565 Pa. 504, 512–513, 776 A.2d 958, 963 (2001), *cert. denied*, 535 U.S. 1101, 122 S.Ct. 2303, 152 L.Ed.2d 1059 (2002). In order to sustain a conviction, the Commonwealth must introduce evidence from which the finder of fact could find every element of the crime established beyond a reasonable doubt. *Id.*

¶ 8 Here, Appellant argues that the Commonwealth failed to establish his identification as the shooter. As the Commonwealth points out, this allegation of insufficiency of the evidence as to Appellant's identity as the shooter alone does not negate a finding of guilt beyond a reasonable doubt on the VUFA charges. The relevant statutes under which Appellant was charged and convicted read as follows:

**Firearms not to be carried without a license-**

(a) Offense defined.—

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

**Persons not to possess firearms-**

(a) Offense defined.—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1). It was stipulated at trial that Appellant had a previous conviction of a crime enumerated under subsection (b).

¶ 9 While the jury did not conclude that Appellant was guilty of aggravated assault beyond a reasonable doubt, the evidence, both direct and circumstantial, was sufficient for the finder of fact to conclude that Appellant was in the vehicle involved in the shooting, that there was a gun in that car, and that Appellant was found in possession of that gun.

¶ 10 Appellant does not argue that a firearm was possessed in the vehicle or that he has no license to carry a firearm. Instead, Appellant argues that the Commonwealth failed to prove that he was the shooter. To support this claim, he argues that shooting victims Jennifer Ryan and Sharita Henson could not identify him as the shooter. N.T. Trial, 12/16/2002, at 32; 44. He also cites to the testimony of Antoinette Henson, another shooting victim, who had previously identified Appellant as the man who shot her. However, at Appellant's trial, Ms. Henson did not positively identify Appellant and was not sure if Appellant was actually the shooter.

*Id.* at 67. Appellant argues that because Ms. Henson and the other victims did not positively identify him as the shooter at trial the evidence was insufficient to support his VUFA convictions. We disagree.

¶ 11 While Ms. Henson failed to identify Appellant at trial, the Commonwealth introduced her prior sworn statement from the preliminary hearing where she did positively identify Appellant as the shooter. N.T. Trial, 12/17/2002—12/18/2002, at 166. This evidence was sufficient to allow the jury to conclude Appellant was in possession of a firearm. *See Commonwealth v. Brewington,* 740 A.2d 247, 254 (Pa.Super.1999), *appeal denied,* 563 Pa. 626, 758 A.2d 660 (2000) (a witness' prior inconsistent statement from a preliminary hearing regarding the defendant's participation in shooting death of the victim was properly admitted as substantive evidence).

¶ 12 Moreover, additional evidence supports Appellant's conviction. During the investigation, it was discovered that the vehicle from which the shots were fired was rented by Appellant's associate, Andre Allen. Two .40 caliber shell casings were discovered inside the vehicle, and Appellant's fingerprint was found on the window of the car. N.T. Trial, 12/16/2002, at 167–72. When police arrived at the house where Appellant was staying, one officer heard breaking glass, and when the police arrived at Appellant's third floor room, they saw a broken window. Outside this window on a lower roof, they saw what were later identified as a .40 caliber pistol and a .45 caliber pistol. Appellant was then found hiding under a bed.

¶ 13 Testing revealed that the shell casings found at the crime scene and those found in the vehicle had all been fired from the same gun, the .40 caliber Smith and Wesson pistol that had been thrown through the window from the room where Appellant was hiding. When viewed in the light most favorable to the Commonwealth, the evidence was sufficient to support both Appellant's § 6105 and § 6106 VUFA convictions.

■ ¶ 14 Appellant next claims that the trial court erred in sentencing him outside the mitigated sentencing range. This raises a challenge to the discretionary aspects of his sentence, and such a claim is not automatically reviewable as a matter of right. When making this challenge, an appellant must include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review. *Commonwealth v. Farmer,* 758 A.2d 173, 182 (Pa.Super.2000), *appeal denied,* 565 Pa. 637, 771 A.2d 1279 (2001). Here, Appellant has not included a separate Rule 2119(f) statement in his appellate brief, and the Commonwealth objected. *See* Reply Brief for the Commonwealth, at 22. Therefore, the issue is waived for purposes of our review. *See Farmer, supra.*

### Appeal at 1776 WDA 2003

■ ¶ 15 In its appeal, the Commonwealth claims that the trial court erred in dismissing the aggravated assault charges on Rule 600 grounds. Specifically, the Commonwealth questions:

where [Appellant's] new trial date was scheduled beyond Pa.R.Crim.P. 600(D)(1)'s 120–day retrial provision, but within 365 days of the date the mistrial was granted, did the trial court abuse its discretion in granting [Appellant's] motion to dismiss his charges when exami-

nation of subsections (D)(2) and (E) of Rule 600 and supporting case law establishes that at most, he was entitled to petition for release on nominal bail?

Brief for the Commonwealth, at 4.

■ ¶ 16 We will begin by setting forth our standard of review. In evaluating Rule 600 issues, our standard of review is whether the trial court abused its discretion. *Commonwealth v. Hunt,* 2004 PA Super 358, 858 A.2d 1234 (2004).

¶ 17 Rule 600 only provides for dismissal of charges in cases where the defendant has not been brought to trial within 365 days. *See Commonwealth v. Sisneros,* 692 A.2d 1105 (Pa.Super.1997) citing *Commonwealth v. Oliver,* 449 Pa.Super. 456, 674 A.2d 287, 290 (1996). No such remedy is prescribed for defendants incarcerated past 120 days. *Id.* Further, our Supreme Court has stated that "the only situation under Rule [600] which provides for dismissal of the charges is where a defendant on bail is not brought to trial within 365 days ... Because Appellant was brought to trial within 365 days, Appellant was not entitled to have the charges against him dismissed." *Id.* quoting *Commonwealth v. Abdullah,* 539 Pa. 351, 354–56, 652 A.2d 811, 813 (1995).

■ ¶ 18 In light of the above, we find that, while violations of Rule 600(D)(1)'s 365–day retrial provision require dismissal of the charges against a defendant, no such relief is due for violations of Rule 600(D)(1)'s 120–day retrial provision. *See Sisneros, supra* at 1110. (reaching the same result interpreting former Rule 1100(d)(2), now Rule 600(D)(2)) The only remedy available to a defendant who has incurred a 120–day violation is release on nominal bail. *Id.*

¶ 19 Appellant has provided a comprehensive argument that *Sisneros* should not apply because it only dealt with Rule

600(D)(2) instead of Rule 600(D)(1); we find this argument unavailing. The rationale in *Sisneros* is equally applicable here, and a simple review of the language in Rule 600(D)(2) and Rule 600(D)(1) illustrates that they are nearly identical.

(D) (1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 120 days after the date of the order granting a new trial, if the defendant is incarcerated on that case. If the defendant has been released on bail, trial shall commence within 365 days of the trial court's order.

(2) When an appellate court has remanded a case to the trial court, if the defendant is incarcerated on that case, trial shall commence within 120 days after the date of remand as it appears in the appellate court docket. If the defendant has been released on bail, trial shall commence within 365 days after the date of remand.

Pa.R.Crim.P. 600(D)(1) and (2).

¶ 20 One subsection expresses the rule for the grant of a new trial and the other expresses the rule following remand from an appellate court. Here, Appellant asks this Court to reach a result that is the polar opposite of the result in *Sisneros,* despite the nearly identical language of the two subsections; this is a *non sequitur* and an invitation that we decline. Accordingly, we reverse the Order entered on September 9, 2003 that granted Appellant's motion to dismiss, and remand for a new trial as to the four counts of aggravated assault.

## CONCLUSION

¶ 21 The judgment of sentence appealed from at 1259 WDA 2003 is affirmed. The order appealed from at 1776 WDA 2003 is reversed, and the case is remanded for a

new trial. Superior Court jurisdiction relinquished.