J-A05033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARWYN INGRAM | : | |
| | : | No. 1631 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence April 19, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001327-2015

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 26, 2018**

Appellant Darwyn Ingram appeals from the judgment of sentence entered in the Court of Common Pleas of Monroe County after Appellant pled guilty to Receiving Stolen Property.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

Appellant was initially charged with Unlawful Use of a Computer, Criminal Use of Communication Facility, Receiving Stolen Property, Theft by Failure to Make Required Disposition, and Theft by Deception in connection with allegations that he had stolen tax refunds from clients who had trusted him to prepare their tax returns.  In exchange for Appellant's plea agreement to Receiving Stolen Property as a third degree felony, the prosecution agreed to *nolle pros* the remaining changes.  Sentencing was deferred for the preparation of a pre-sentence report.

_____

* Former Justice specially assigned to the Superior Court.

At the sentencing hearing on April 19, 2017, Appellant and his counsel asked the Court for a probationary sentence based on Appellant's lack of a prior record, his age, his education, and the fact that he agreed to pay his victims restitution. While Appellant did apologize to one of the victims, he characterized his crimes as mistakes and not deceitful behavior.

The prosecutor presented the testimony of one of Appellant's victims who testified to Appellant's violation of her trust and the harm he had caused. The prosecutor recommended that the trial court impose six to twenty-three months' imprisonment to be followed by three years' probation. The prosecutor explained that this sentence was justified by Appellant's failure to take responsibility for his crimes, his abuse of prescription medication, and his failure to make required restitution payments before sentencing.

The trial court ultimately sentenced Appellant to five to twenty-four months imprisonment (less one day) to be followed by three years' probation, which was a standard range sentence within the Sentencing Guidelines. Appellant subsequently filed a post-sentence motion, which the trial court subsequently denied. This timely appeal followed.

Appellant raises the following issues in his appellate brief:

1. Based upon the elements of the crime charged being Receiving Stolen Property, a felony of the third degree, and the Appellant having pled guilty to that charge, did the lower Court err in sentencing the Appellant to incarceration for a period of not less than five (5) months nor more than 24 months (less one day), followed by a consecutive period of probation of three (3) years, when the Appellant had no prior criminal record and a zero (0) prior record score?

2.   Considering the sentencing code as a whole, was the lower court's sentence unreasonable and excessive?

3.   Was the Appellant denied Due Process as protected under the Fifth, Sixth, and Fourteenth Amendments to United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, because the lower Court's sentence undermined the uniformity of sentencing, was inconsistent and therefore are arbitrary?

Appellant's Brief, at 4-5.

These three issues challenge the discretionary aspects of sentence. It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." ***Commonwealth v. Bynum–Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S.A. § 9781(b). ***Id.***

While Appellant filed a timely notice of appeal and preserved his sentencing claims in a post-sentence motion, the Commonwealth objects to Appellant's failure to include a Rule 2119(f) statement in his appellate brief. When challenging the discretionary aspects of sentence, "an appellant must

include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Griffin***, 149 A.3d 349, 353–54 (Pa.Super. 2016) (citation omitted). "Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." ***Commonwealth v. Montgomery***, 861 A.2d 304, 308 (2004). In this case, the Commonwealth's objection to Appellant's failure to include a Rule 2119(f) statement in his appellate brief results in the waiver of Appellant's sentencing claims on appeal.

As a result, we affirm the judgment of sentence.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18