J-S39001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN BACON | : | |
| | : | |
| Appellant | : | No. 567 EDA 2017 |

Appeal from the Judgment of Sentence February 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010751-2013

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 18, 2020**

Devin Bacon appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he entered open pleas of *nolo contendere* to possession with intent to deliver,[1] possession of a controlled substance,[2] possession of a firearm prohibited,[3] firearms not to be carried without a license,[4] carrying a firearm in public in Philadelphia,[5] and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S.A. § 6105(a)(1).

[4] 18 Pa.C.S.A. § 6106(a)(1).

[5] 18 Pa.C.S.A. § 6108.

possession of an instrument of crime.[6] On appeal, Bacon challenges the trial court's denial of his motion to dismiss pursuant to Pa.R.Crim.P. 600. We affirm.

The charges in this matter stem from an incident that occurred on May 30, 2013, in which two Philadelphia police officers responded to the sound of gunshots in the area of the 1800 block of Sanger Street. Upon arrival, the officers witnessed Bacon riding away on a bicycle at a high rate of speed with the handle of a firearm protruding from his waistband. Following a brief pursuit, Bacon was apprehended and arrested. A search uncovered a handgun and a bag of oxycodone pills on Bacon's person. The trial court set forth the ensuing procedural history of this matter as follows:

> On May 30, 2013, [Bacon] was arrested and charged with [the above-named] offenses. [Bacon's] first scheduled preliminary hearing, on June 20, 2013, was continued, as the seizure analysis was still outstanding. At the next scheduled hearing on August 16, 2013, [Bacon] was not brought down from the state correctional institution . . ., because the Commonwealth failed to complete the necessary writ to transport him. [Bacon's] preliminary hearing was held on August 23, 2013, and [he] was held for court on all charges. At [Bacon's] formal arraignment, on September 13, 2013, the Commonwealth was not ready because the ballistics [report] and the certificate of non-licensure were still outstanding. On October 9, 2013, the Commonwealth needed additional time to complete discovery. On October 29, 2013, the Commonwealth was still not ready to proceed to trial, as discovery was still outstanding. Also at this date, the trial court [set a pre-trial conference date of July 7, 2014 and scheduled a jury trial for July 10, 2014]. At the December 3, 2013 status listing, discovery was still incomplete. On May 30, 2014, the [mechanical run date] expired. On June 30, 2014, discovery was marked complete. On

---

[6] 18 Pa.C.S.A. § 907(a).

July 7, 2014, two defense pretrial motions were set to be heard[;] however, they were continued to July 16, 2014. On this date, the [trial c]ourt granted [Bacon's] R[ule] 600 motion in part and denied the motion in part. [Bacon] was granted his motion to be released to supervision on house arrest[;] however, [Bacon's] motion to dismiss the charges was denied.

Trial Court Opinion, 11/26/19, at 1-2.

On September 29, 2016, Bacon entered a plea of *nolo contendere* to the above charges. On February 1, 2017, the Honorable Carolyn H. Nichols sentenced him to an aggregate period of two to four years' incarceration, followed by six years' probation. Bacon filed a timely *pro se* notice of appeal on February 6, 2017. By Order dated April 25, 2017, this Court remanded the case to the trial court to determine "whether counsel has abandoned [Bacon] and to take further action as required to protect [Bacon's] right to appeal, including, but not limited to, determining [Bacon's] eligibility for court-appointed counsel." Order, 4/25/17. The trial court subsequently permitted trial counsel to withdraw and appointed current counsel to represent Bacon. On December 14, 2017, Judge Nichols issued an order pursuant to Pa.R.A.P. 1925(b), directing Bacon to file a concise statement of errors complained of on appeal. Shortly thereafter, Judge Nichols was elevated to a seat on this Court.

On March 26, 2018, counsel filed an application for remand, wherein he averred that, "[d]ue to Judge Nichols['] elevation from the Court of Common Pleas to the Superior Court . . ., the procedure for filing a [Rule] 1925(b) statement was unclear, leading to a failure to file a timely [Rule] 1925(b)

statement." Application for Remand, 3/26/18, at ¶ 6. Accordingly, counsel requested that the case again be remanded to the court of common pleas for submission of a Rule 1925(b) statement. By Order dated June 15, 2018, this Court granted relief and remanded the matter to the trial court for the filing of a Rule 1925(b) statement. This Court further directed the Supervising Judge of the Criminal Trial Division to reassign the case to another judge for the purpose of filing a Rule 1925(a) opinion. The matter was subsequently reassigned to the Honorable Shanese I. Johnson, who filed a Rule 1925(a) opinion on November 26, 2019.

Prior to addressing the merits of Bacon's Rule 600 claim, we must determine whether he has waived this issue for purposes of appeal. Generally, the entry of a plea of guilty or *nolo contendere* waives all non-jurisdictional defects, other than legality of sentence and the validity of the plea. ***Commonwealth v. Stradley***, 50 A.3d 769, 771 (Pa. Super. 2012) (stating when defendant enters guilty plea, he or she waives all defects and defenses except those concerning validity of plea, jurisdiction of trial court, and legality of sentence imposed). ***See also Commonwealth v. Lippert***, 85 A.3d 1095, 1100 n.3 (Pa. Super. 2014) ("It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case."). Where a defendant enters a plea, an alleged violation of Rule 600 is only reviewable to the extent that the violation affected the voluntariness of that plea. ***Commonwealth v. Sisneros***, 692 A.2d 1105, 1107 (Pa. Super. 1997); ***Commonwealth v. Riviera***, 385 A.2d 976 (Pa. Super. 1978).

Here, at the *nolo contendere* plea hearing, Bacon completed a written plea colloquy in which he acknowledged that, by entering a plea, he gave up his Rule 600 speedy trial rights, as well as his right to appeal the disposition of any pre-trial motions. ***See*** Written Colloquy, 9/29/16, at 2. He further acknowledged that he waived all grounds for appellate relief except claims involving the voluntariness of his plea, the jurisdiction of the trial court, and the legality of his sentence. ***See id.*** at 3. Bacon affirmed to the court that he had read, discussed with counsel, and understood the written colloquy. ***See*** N.T. *Nolo Contendere* Plea Hearing, 9/29/16, at 31-32. Additionally, the trial court orally advised Bacon of his limited rights on appeal resulting from his plea.[7]

---

[7] The court engaged Bacon in a colloquy, in relevant part, as follows:

> THE COURT: Also by pleading no contest, your rights to appeal are on four grounds:
>
> First appella[te] ground is that I as the judge have no legal jurisdiction to hear the case or if you were in the wrong court. And concerning that ground be assured I have legal jurisdiction and that I've been duly elected as [a] Common[] Pleas Court [j]udge in the Commonwealth of Pennsylvania.
>
> Second appella[te] ground is that your plea is not voluntary. I will not go forward with a no contest plea if I conclude that you were forced, threatened coerced or pressured or threatened in any way to plead no contest.
>
> And the third appella[te] ground is that your sentence is illegal. Concerning that ground be assured that I would not give an illegal sentence of anything greater than the statutory maximum. As I

- 5 -

Bacon does not assert that the alleged violation of his Rule 600 rights impacted the validity of his plea in any way. **Sisneros**, **supra**. Accordingly, by entering a valid plea of *nolo contendere*, Bacon has waived his instant challenge to the trial court's denial of his Rule 600 motion.[8]

_____

> understand that this is an open no contest plea in which there was no negotiations in place concerning sentencing.
>
> We've talked about is there a possible range and we got it to this aspect of things of what the [c]ourt will consider. But at a sentencing hearing we're going to have a presentencing report prepared. Counsel will make his recommendation as well as the Commonwealth and the [c]ourt will render a sentencing at that time.
>
> Your fourth and common [sic] ground would be that your attorney was ineffective. Concerning that ground, my understanding is that your attorney fully discussed this case with you as well as pleading no contest. And it's based upon that you decided to plead no contest.
>
> Is that correct?
>
> THE DEFENDANT: Yes, [Your] Honor.

N.T. *Nolo Contendere* Plea Hearing, 9/29/16, at 35-36.

[8] Even if it were not waived, Bacon's claim is meritless. To establish whether there has been a Rule 600 violation, a court must determine whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. Pa.R.Crim.P. 600, comment, citing **Commonwealth v. Dixon**, 907 A.2d 468 (Pa. 2006) and **Commonwealth v. Matis**, 710 A.2d 12 (Pa. 1998). "[D]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Commonwealth v. Bradford**, 46 A.3d 693, 701–02 (Pa. 2012).

Periods of judicial delay—i.e., delay attributable to crowded trial dockets or the unavailability of the court—are excludable from calculations under the

rule. *Id.* at 705. Trial courts must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party. ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017).

Here, it is undisputed that Bacon's first scheduled trial date of July 10, 2014, which is the operative date for Bacon's claim, was 41 days beyond the mechanical run date of May 30, 2014. The parties also agree that none of the delay in this case was attributable to defense requests. Thus, the sole issue before the Court is whether the delay in bringing Bacon to trial was caused by a lack of due diligence on the part of the Commonwealth.

The trial court analyzed the issue as follows:

> The first [trial date of July 10, 2014,] was scheduled on this [c]ourt's jury calendar on [October] 29, 2013, which was well before the mechanical run date [of May 30, 2014]. As such, we hold that this was outside the Commonwealth's control since this date was scheduled in accordance with the court's available calendar at the time. After the trial was scheduled, the Commonwealth took continuances to bring down [Bacon] and to retrieve outstanding discovery, specifically [the] ballistics [report] and the certificate of non-licensure. We agree that the Commonwealth's multiple continuances due to outstanding discovery [are] attributable to the Commonwealth. However, *these continuances did not further delay the trial, because, notably, the trial date stayed the same*. The record reveals that discovery was complete on June 30, 2014. Since the Commonwealth completed discovery before the July 10, 2014[,] trial date, we hold that the delay in commencing the trial was not due to the Commonwealth's lack of due diligence. We further conclude that the delay of trial was not due to any "misconduct" on behalf of the Commonwealth. Finally, we hold that the delay in commencing the trial was attributable to the status of this [c]ourt's calendar at that time.

Trial Court Opinion, 11/26/19, at 4-5 (footnote omitted; emphasis added).

We agree with the court's conclusion that any delay in obtaining and passing to the defense outstanding discovery did not cause a delay in the commencement of trial attributable to the Commonwealth, as the outstanding discovery had no impact on the scheduling of Bacon's first trial date for July

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/18/20</u>

---

10, 2014. **_See Commonwealth v. Morgan_**, 398 A.2d 972, 974 (Pa. 1979) ("delay" only cognizable for purposes of speedy trial rule where it causes, either directly or indirectly, commencement of trial to be postponed for some period of time beyond the time it would have been scheduled absent the "delay"). Accordingly, Bacon is entitled to no relief.