J.S26039/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY REESE, | : | |
| | : | |
| Appellant | : | No. 163 EDA 2013 |

Appeal from the Judgment of Sentence December 14, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0015439-2008

BEFORE: BENDER, P.J.E., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 24, 2014**

Appellant, Gregory Reese, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas after a jury trial, which followed two hung juries, and his convictions for robbery,[1] conspiracy,[2] burglary,[3] and aggravated indecent assault.[4]    Appellant challenges the admission of certain items of evidence, purports to raise a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 3502(a).

[4] 18 Pa.C.S. § 3125(a)(1).

Pa.R.Crim.P. 600 issue, and contends his convictions were against the sufficiency and weight of the evidence. We affirm.

We state the facts in the light most favorable to the Commonwealth as the verdict-winner. *Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008) (citations omitted). On May 18, 2008, after leaving her bedroom window open, the victim fell asleep on her living room couch. On May 19, 2008, at 1:00 a.m., she awoke to hear the bedroom window shades moving, entered her bedroom, and confronted Earl Hall, who pointed a gun at her. Hall then opened her front door to let Appellant enter. The two men ransacked her apartment in an unsuccessful attempt to find drugs. Hall left the apartment while Appellant stayed with the victim. Hall returned with a third person named Brian; all three men began to search the victim's home again. Eventually, Appellant told the two other men to leave. After the two men left, Appellant forced the victim to remove her clothes, sexually assaulted her, and then left the apartment around 3:00 a.m. The three men stole approximately $200, a pair of cufflinks, and a gold lion's head necklace.

The victim called several people, including her mother. The victim informed her mother that three people broke into her home and she was forced to remove her clothes. The victim then contacted police.

That same day—May 19, 2008—around 10:30 a.m., police stopped a car because it was parked on the wrong side of the median. N.T. Trial,

3/15/12, at 109-10. Hall was driving the car, Appellant was in the front passenger seat, and a third individual was in the back seat. *Id.* at 111. The police discovered the vehicle had a stolen license plate and Appellant had an open bench warrant as a scofflaw. The police arrested Appellant and discovered the victim's gold lion's head necklace in his pants pocket.[5]

Meanwhile, the police had responded to the victim's call and processed her apartment for physical evidence. The police recovered, *inter alia*, Hall's palm prints. The victim eventually identified Hall and Appellant from photo arrays, and the police arrested both.

Appellant's first two trials resulted in hung juries. After the second mistrial, the court ordered, on February 22, 2011, that the case be listed for a third trial on June 13, 2011. Order, 2/22/11. On June 13, 2011, the court granted Appellant's request for a continuance and a new trial date was set for October 24, 2011. On October 24, 2011, the court *sua sponte* continued the case to November 28, 2011. On November 28, 2011, the Commonwealth requested a continuance because a witness was unavailable. Over Appellant's objection, the court granted the Commonwealth's request and scheduled trial for March 12, 2012. On March 12, 2012, the court again *sua sponte* continued the case to the next day, because no jurors were available.

---

[5] The police also arrested Hall, who had an open bench warrant, and the third individual for a narcotics violation.

On March 13, 2012, prior to jury selection for the third trial, Appellant moved to suppress evidence that the vehicle had a stolen license plate but agreed that the Commonwealth could introduce the fact that Appellant had the victim's necklace. N.T., 3/13/12, at 6-7. The court granted Appellant's motion, reasoning that the fact that the license plate was stolen was irrelevant. *Id.* at 7. The court also permitted the Commonwealth to introduce evidence that Hall was driving the car and the stop occurred more than seven hours after Appellant left the victim's apartment. *Id.* Appellant did not move to suppress the entirety of the stop and did not invoke Pa.R.E. 404(b), the admissibility of prior bad acts, as a basis for suppression.

At the third trial, Detective Harry Young was unavailable to testify for the Commonwealth as he had retired due to an illness that also prevented him from appearing in court. At the first two trials, Detective Young testified about, *inter alia*, the victim's demeanor and identification of Appellant from a photo array. Because of Detective Young's unavailability, the parties stipulated that the Commonwealth could read into evidence selected portions of his prior testimony, which encompassed over fifty pages of the instant trial transcript. N.T., 3/15/12, at 5, 10-61. Prior to the reading, however, Appellant objected to certain portions of Detective Young's testimony, but did not object on the basis that the testimony was used to rehabilitate the victim's testimony. N.T., 3/13/12, at 22-23, 28-29, 41-53.

Also at the third trial, the victim's mother testified that the victim called her on May 19, 2008, to inform her about the attack. N.T., 3/15/12, at 97-101. Appellant objected, arguing that such testimony was cumulative in nature, but did not object on the basis of hearsay. *Id.* at 98. Subsequently, a jury found Appellant guilty on March 16, 2012.

On December 14, 2012, the court sentenced Appellant to an aggregate sentence of ten to twenty years' incarceration. Appellant did not file a post-sentence motion. Appellant filed a timely notice of appeal on January 9, 2013, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial judge, the Honorable Carolyn Engel Temin, did not prepare a decision per Rule 1925(a), as she had retired from the bench.

Appellant raises the following issues:

> Whether the trial court erred by permitting the Commonwealth to introduce certain hearsay statements about [Appellant] through the unavailable witness of Detective Young?
>
> Whether the trial court also erred by permitting evidence that . . . Appellant was stopped in a car by the police on a date separate [sic[6]] from the robbery of [the victim]?
>
> Whether the trial court erred in permitting the testimony of [the victim's mother], which was hearsay and cumulative in nature?
>
> Whether the trial court erred in denying . . . Appellant's Rule 600 motion?

---

[6] As noted above, Appellant was apprehended on May 19, 2008, the same day of the robbery. N.T., 3/15/12, at 109-10.

> Whether the verdict was against the weight of the evidence and insufficient as a matter of law where the only identification testimony was that of [the victim] which was full of inconsistencies, and where she only viewed [Appellant] for a short period of time under stressful conditions?

Appellant's Brief at 5 (reordered to facilitate disposition).

In support of his first issue, Appellant asserts the court erred by permitting the Commonwealth to read the prior testimony of Detective Young into the record. Specifically, Appellant claims Detective Young testified about statements made by the victim and that such statements rehabilitated the victim's testimony. He also suggests that Detective Young was not subject to cross-examination. We hold Appellant is due no relief.

"The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion." *Commonwealth v. Reid*, 811 A.2d 530, 550 (Pa. 2002) (citation omitted). Pennsylvania Rule of Evidence 804 governs the admission of prior testimony:

> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> (1) *Former Testimony*. Testimony that:
>
>   (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
>   (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an

> opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Pa.R.E. 804(b)(1)(A)-(B).[7] Failure to lodge a timely objection results in waiver of the claim on appeal. **Commonwealth v. Murray**, 83 A.3d 137, 155 (Pa. 2013). "[I]f the ground upon which an objection is based is specifically stated, [then] all other [unstated] reasons for [the evidence's] exclusion are waived." **Commonwealth v. Arroyo**, 723 A.2d 162, 170 (Pa. 1999) (citations omitted); **see also** Pa.R.A.P. 302.

In this case, the parties **stipulated** that the Commonwealth could read into evidence Detective Young's testimony. N.T., 3/15/12, at 5. Contrary to Appellant's assertion, Detective Young was subject to cross-examination at the prior trials. **See, e.g.**, **id.** at 58. Furthermore, although Appellant made several objections, **see, e.g.**, N.T., 3/13/12, at 22-23, he did not object on the basis that the detective's testimony impermissibly rehabilitated the victim's testimony. Accordingly, because he failed to raise this particular basis, Appellant has waived the claim, **see Arroyo**, 723 A.2d at 170, and thus has not established an abuse of discretion by the trial court. **See Murray**, 83 A.3d at 155; **Reid**, 811 A.2d at 550.[8]

---

[7] The present version of Rule 804 is materially identical to the version in existence at the time of Appellant's third trial.

[8] Moreover, we note Appellant failed to identify which statements within Detective Young's fifty pages of testimony impermissibly rehabilitated the victim's testimony.

For his second issue, Appellant argues that the trial court erred by admitting evidence that he was stopped in a car after robbing and assaulting the victim. He suggests that it violated Pa.R.E. 404(b) and had no probative value. Appellant opines that regardless, the prejudice to him outweighed any probative value the evidence may have had. We hold Appellant is due no relief.

As noted above, the standard of review is abuse of discretion. *Reid*, 811 A.2d at 550. "[A]ppellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." *Commonwealth v. Little*, 903 A.2d 1269, 1272-73 (Pa. Super. 2006) (citations omitted). Instantly, Appellant did not move to suppress the stop based on Pa.R.E. 404(b). *See* N.T., 3/13/12, at 7. In fact, Appellant limited his motion solely to the fact that the license plates were stolen and conceded the Commonwealth could introduce that he had the victim's necklace. *Id.* Appellant cannot invoke Rule 404(b) for the first time on appeal and thus we may not consider it. *See Little*, 903 A.2d at 1272-73.

Appellant, for his next issue, challenges the testimony of the victim's mother as both hearsay and cumulative in nature. He complains the mother's testimony made the victim's testimony more credible. Appellant opines that in his last two trials, the victim's testimony alone was not credible. We hold Appellant has not established entitlement to relief.

The standard of review is abuse of discretion. ***Reid***, 811 A.2d at 550. Pennsylvania Rule of Evidence 403 governs the exclusion of cumulative evidence:

> The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Pa.R.E. 403. "[C]umulative evidence is additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence.'" ***Commonwealth v. G.D.M., Sr.***, 926 A.2d 984, 989 (Pa. Super. 2007) (citation omitted). "Evidence that bolsters, or strengthens, existing evidence is not cumulative evidence, but rather is corroborative evidence." ***Id.***

Instantly, with respect to Appellant's challenge to the testimony of the victim's mother at trial, he objected solely on the basis that her testimony was cumulative. N.T., 3/15/12, at 98. Thus, Appellant waived any objection on the basis of hearsay. ***See*** Pa.R.A.P. 302; ***Arroyo***, 723 A.2d at 170. With respect to whether the mother's testimony was cumulative, Appellant did not identify the prior testimony that would render the mother's testimony cumulative. Regardless, the mother's testimony was corroborative, and not cumulative, evidence as she was relaying what the victim told her over the phone. N.T., 3/15/12, at 97-101. Further, even if such testimony was

cumulative, Appellant has not established entitlement to a new trial. *See generally Commonwealth v. Simmons*, 662 A.2d 621, 634 (Pa. 1995).

We next address Appellant's Rule 600 challenge. He claims that the four-year period between his arrest and conviction, which included two hung jury trials, exceeded the 120-day timespan the Commonwealth had to retry him. In support, Appellant quotes from the portion of the trial transcript discussing his oral Rule 600 motion. Appellant's Brief at 16-20. Appellant asserts that the quoted excerpt from the transcript "and marked quarter[-]session file that was moved into evidence reveals multiple periods of time . . . where the 365 day period was exceeded." *Id.* at 21. We hold that Appellant is not entitled to relief.

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. Accordingly, in reaching our determination, we consider whether the evidence adduced at the Rule 600 hearing, viewed in the light most favorable to the prevailing party, supports the trial court's findings, and whether those findings, in turn, conform with applicable law.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith

> prosecution delayed through no fault of the Commonwealth.

**Commonwealth v. Trippett**, 932 A.2d 188, 196 (Pa. Super. 2007) (formatting, citations, and quotation marks omitted).

We state the Rule 600 in effect at the time of this case.[9]

> When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 120 days after the date of the order granting a new trial, if the defendant is incarcerated on that case. If the defendant has been released on bail, trial shall commence within 365 days of the trial court's order.

Pa.R.Crim.P. 600(D)(1). "[W]hile violations of Rule 600(D)(1)'s 365-day retrial provision require dismissal of the charges against a defendant, no such relief is due for violations of Rule 600(D)(1)'s 120-day retrial provision. The only remedy available to a defendant who has incurred a 120-day violation is release on nominal bail." **Commonwealth v. Montgomery**, 861 A.2d 304, 309 (Pa. Super. 2004) (citations omitted). In other words, as long as the Commonwealth retries an incarcerated defendant within 365 days of the order granting a new trial, there is no Rule 600 violation. **Id.**

When calculating the running of time under Rule 600, the following relevant periods of delay must be excluded:

> (2) any period of time for which the defendant expressly waives Rule 600;

---

[9] Amendments to Rule 600 were adopted on October 1, 2012, and made effective on July 13, 2013. This case, however, is governed by the version of Rule 600 in effect at the time of Appellant's trial.

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 600(C)(2)-(3).

In addition to delays "excludable" under the Rule, a court must consider "excusable" delays. ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc*). "'Excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence." ***Id.*** at 1241 (citing Pa.R.Crim.P. 600(G)). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. [It] does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable** effort has been put forth." ***Id.*** at 1241–42 (citations omitted). When seeking excusable time, the Commonwealth bears the burden of establishing, by a preponderance of evidence, that it exercised due diligence. ***Commonwealth v. Bradford***, 46 A.3d 693, 701 (Pa. 2012).

As a prefatory matter, Appellant has not identified any disputed time period or analyzed, let alone cite, any legal authority. Regardless, because the court ordered a new trial on February 22, 2011, the mechanical run-date

is February 22, 2012. *See* Pa.R.Crim.P. 600(D)(1); **Montgomery**, 861 A.2d at 309. Appellant, however, was tried on March 13, 2012. Appellant requested a continuance on June 13, 2011, which the court granted and set a new trial date of October 24, 2011, a delay of 133 days chargeable against Appellant. Thus, after we add 133 days, the adjusted run-date is July 4, 2012, a date well after March 13, 2012. We therefore would discern no abuse of discretion or error of law. **See Trippett**, 932 A.2d at 196.

We last address Appellant's challenge to the sufficiency and weight of the evidence. Appellant contends that the victim's identification testimony was "unbelievable" and "full of inconsistencies." Appellant's Brief at 22, 25. Appellant, we hold, is due no relief.

As a prefatory matter, an argument challenging inconsistent identification testimony is an argument that "goes to the credibility of the witness's testimony, and is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded." **Commonwealth v. Griffin**, 65 A.3d 932, 939 (Pa. Super.), *appeal denied*, 76 A.3d 538 (Pa. 2013).

A challenge to the weight of the evidence "concedes that there is sufficient evidence to sustain the verdict." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). This Court cannot "entertain a challenge to the weight of the evidence since [its] examination is confined to the 'cold record.'" **Commonwealth v. Brown**, 648 A.2d 1177, 1191 (Pa. 1994)

(citation omitted). We only review whether the trial court abused its discretion when it evaluated the challenge. *Id.* (limiting review of weight of evidence to whether trial court abused discretion and not assessing credibility of witnesses). For these reasons, a challenge to the weight of evidence may not be raised for the first time on appeal. *Id.*; *see also* Pa.R.A.P. 607(a). Thus, if the issue is not raised with the trial court initially, it is waived. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

Instantly, Appellant asserts that the victim's testimony was unbelievable and not credible. Appellant's Brief at 22, 25. His argument challenges the weight of the evidence. *See Griffin*, 65 A.3d at 939. Appellant, however, did not challenge the weight of the evidence with the trial court, and thus, he has waived it on appeal. *See Sherwood*, 982 A.2d at 494; *Brown*, 648 A.2d at 1191. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2014

- 14 -