J-S26030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JOSEPH MOONEY | |
| Appellant | No. 1468 MDA 2014 |

Appeal from the Judgment of Sentence of August 18, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0001769-2013

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED MAY 26, 2015**

William Joseph Mooney appeals his August 18, 2014 judgment of sentence.  We affirm.

The trial court set forth the following factual and procedural history:

On September 12, 2013, [Mooney] was charged with driving under the influence [("DUI")], general impairment, 75 Pa.C.S. § 3802(a)(1), failing to stop at a red traffic signal, 75 Pa.C.S. § 3112(a)(3)(i), and for having an open container of beer in his car while operating his vehicle, 75 Pa.C.S. § 3809(a).  Mooney waived his right to a preliminary hearing and the charges were bound over to [the trial court].

On June 6, 2014, believing that Mooney qualified for the Accelerated Rehabilitative Disposition Program ("ARD"), Mooney, his counsel and counsel for the Commonwealth signed an ARD Program Agreement and Waiver and presented it to the [trial court], which [it] was inclined to allow.  However, after the hearing, the Clerk of Courts office notified [the trial court] that, in fact, Mooney did not qualify for the ARD program, and [the trial court] rescheduled the matter for [a] non-jury trial for June 25, 2014.

On that date, Mooney appeared with his counsel. Mooney was argumentative, and stated that he did not understand why he did not qualify for the ARD program. [The trial judge] briefly adjourned and vacated the courtroom so that Mooney and his counsel could have a private conference.

When [the trial judge] returned to the courtroom, Mooney stated that he had decided to enter a plea. [The trial court] agreed to accept his guilty plea, and told Mooney that [the trial court] would sentence him that day. [The trial judge] then recessed for an additional twenty minutes to give Mooney and his counsel time to fill out the paperwork.

When [the trial judge] returned to the courtroom, Mooney was no longer in agreement with pleading guilty, and [the trial court] held a non-jury trial. Officer Joshua Pastucka ("Pastucka") of the Shenandoah Borough police department testified that on August 12, 2013, just after midnight, he observed a car proceed through a red light and turn left. Pastucka activated his lights and pulled the car over. Pastucka identified the driver as Mooney and immediately smelled alcohol. Mooney's speech was thick and slurred, and his eyes were watery and bloodshot. After checking Mooney's paperwork, Pastucka returned to the car and observed a white foam puddle on the floor of the car and a bottle rolling around. Pastucka asked Mooney to step out of the car. The puddle of white foam was cold, and there was a 32 ounce cold Miller Lite bottle in a brown bag. Mooney admitted that he had a few sips of the beer. Pastucka believed the puddle to be beer.

Mooney agreed to take a field sobriety test, which he failed. Pastucka arrested Mooney and had his car towed. At the hospital, Mooney refused to take a blood alcohol test. The Commonwealth introduced the DL26 form, which Pastucka read to Mooney that night, but which Mooney refused to sign. Pastucka testified that he believed Mooney to be under the influence of alcohol and unable to safely operate his vehicle.

Next, Officer Tyler Dissinger ("Dissinger") testified. He is also a patrolman with the Shenandoah police department. He was called to assist Pastucka with the traffic stop. Dissinger also observed the white foam puddle on the floor of the vehicle, between Mooney's legs on the floor of the driver's side of the vehicle. Dissinger stood with Mooney while Pastucka searched the car and located the empty Miller Lite bottle under the driver's

seat. Dissinger observed that Mooney had bloodshot, glossy eyes, and observed both field sobriety tests. Dissinger stated that when Mooney complained that the test was being conducted on an uneven surface, the officers moved the test area to a parking lot with a flat, level surface. Dissinger made the same observations about Mooney's performance of the field sobriety tests as Pastucka, and confirmed that Mooney was unable to satisfactorily perform either test. Dissinger also testified that he believed Mooney to be incapable of safely operating a vehicle that evening.

Mooney wished to testify, and [the trial court] informed him of his right not to incriminate himself. Mooney denied that his counsel had explained this to him. Then, Mooney stated that he did not receive any information about a possible plea bargain. At this point, [the trial court] found that Mooney was being obstructionist. [The trial court] instructed him to either take the stand and testify, or he would lose his chance to do so.

Mooney chose to take the stand. He testified that he did not run a red light, and that Pastucka had no reason to pull him over. Mooney testified that the field sobriety tests were not performed on a flat surface. Mooney questioned the officers' ability to see him perform the tests in a dark lot. Mooney questioned the existence of the beer bottle, which was not presented at the trial as evidence. Mooney state[d] that he was not offered a breathalyzer test, and believe[d] that the officers were unfairly targeting him and running a scam due to prior arrests. Mooney acknowledged hearing the blood test refusal instructions and that he refused the test.

[The trial court] found the officers' testimony to be credible, and Mooney's testimony to be not credible. [The trial court] found that the Commonwealth proved its case beyond a reasonable doubt, on all three charges. [The trial court] ordered a [pre-sentence investigation ("PSI")] report.

[The trial court] reviewed the PSI and sentenced Mooney on August 18, 2014 on the DUI charge. At the sentencing hearing, the Commonwealth observed that this was Mooney's third DUI, and that the current DUI was committed while Mooney was awaiting disposition on the second DUI. The Commonwealth asked for a sentence of two weeks to six months confinement. Defense counsel acknowledged that, at an earlier point in time, Mooney had rejected a plea bargain of 72 hours to six months'

- 3 -

time, and that Mooney should not be punished for exercising his right to go to trial. After hearing from Mooney and his counsel, [the trial court] decided to treat this DUI as Mooney's second offense, because the record did not clearly show that this was a third offense. [The trial court] sentenced Mooney to serve no less than one week, and not more than six months, confinement, and pay a $1,000 fine, costs and fees.

On August 19, 2014, [the trial court] sentenced Mooney on the two summary charges, which [the trial court] had neglected to do the day prior.[1]

Trial Court Opinion ("T.C.O."), 9/29/2014, at 1-4.

On September 2, 2014, Mooney filed a notice of appeal. The trial court ordered, and Mooney timely filed, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his only issue presented for our review, Mooney challenges the discretionary aspects of his sentence. Mooney's Brief at 4.

Our standard of review for a challenge to the discretionary aspects of sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> ***Commonwealth v. Hoch***, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

---

1   Mooney was sentenced to pay a $25 fine and costs for each of the summary convictions.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Hoch*, 936 A.2d at 518 (citation omitted). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-66 (Pa. Super. 2014) (citations modified).

We first note that Mooney filed a timely notice of appeal. He also filed a timely concise statement and included a brief statement "of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence" pursuant to Pa.R.A.P. 2119(f). However, although Mooney has technically complied with the first three requirements of *Moury*, *supra*, we cannot reach the merits of his challenge.

Although Mooney has listed only one issue in his statement of questions presented, he essentially has raised two issues in his brief. The first is that the trial court failed to offer specific reasons for the sentence on the record. Mooney's Brief at 7. However, Mooney did not include this challenge in a post-sentence motion or at sentencing. "Issues challenging

the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Rhoades***, 8 A.3d 912, 915 (Pa. Super. 2010) (citation and quotation marks omitted); ***see Buterbaugh***, 91 A.3d at 1266. Therefore, the issue has not been preserved and is waived.

Mooney's second issue is his contention that he was "given a harsher sentence because he exercised his right to go to trial." Mooney's Brief at 4. Mooney properly preserved this issue by raising it orally at sentencing. ***See*** Notes of Testimony ("N.T."), 8/18/2014, at 3; T.C.O. at 4. Mooney also included the issue in his Rule 1925(b) concise statement. However, Mooney provides nothing in his Rule 2119(f) statement that demonstrates why this raises a substantial question.

> [A]n appellant "must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Commonwealth v. L.N.***, 787 A.2d 1064, 1071 (Pa. Super. 2001) (citing Pa.R.A.P. 2119(f)). [A]n appellant must demonstrate that there is a substantial question that the sentence imposed is inappropriate under the Sentencing Guidelines. ***Id.***
>
> A substantial question exists where an appellant "advances a colorable argument that the trial court's actions were inconsistent with a specific provision of the sentencing code, or contrary to the fundamental norms underlying the sentencing process." ***Id.*** In determining whether a substantial question exists, "[o]ur inquiry must focus on the *reasons* for which the appeal is sought in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. McNabb***, 819 A.2d 54, 56 (Pa. Super. 2003) (citation omitted) (emphasis in original). Additionally, we cannot look beyond the statement of questions presented and

the prefatory 2119(f) statement to determine whether a substantial question exists.

***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citations modified; emphasis in original). Because Mooney has advanced no argument in his Rule 2119(f) statement that a sentence imposed because of the decision to go to trial is contrary to the fundamental norms of sentencing or inconsistent with the sentencing code, he has provided nothing in his 2119(f) statement from which we can determine that a substantial question exists. Therefore, we must find that this argument also is waived.[2] Finding Mooney's issues waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2015

---

[2] The failure to include a Rule 2119(f) statement can be excused if the Commonwealth does not object to the exclusion. ***See Commonwealth v. Brougher***, 978 A.2d 373, 375 (Pa. Super. 2009); ***Commonwealth v. Montgomery***, 861 A.2d 304, 308 (Pa. Super. 2004). Here, the Commonwealth has objected to Mooney's failure to include this issue in his Rule 2119(f) statement. ***See*** Commonwealth's Brief at 4-6.