J-S28039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KONATA MATTHEWS | : | |
| | : | |
| Appellant | : | No. 2250 EDA 2020 |

Appeal from the PCRA Order Entered October 22, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002463-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KONATA MATTHEWS | : | |
| | : | |
| Appellant | : | No. 2251 EDA 2020 |

Appeal from the PCRA Order Entered October 22, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006648-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KONATA MATTHEWS | : | |
| | : | |
| Appellant | : | No. 2252 EDA 2020 |

Appeal from the PCRA Order Entered October 22, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006649-2015

J-S28039-21

BEFORE:  BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED SEPTEMBER 29, 2021**

In these consolidated appeals, Konata Matthews (Matthews) appeals from the order entered by the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

**I.**

On January 20, 2015, Matthews robbed a Republic Bank in Philadelphia of $5,250 by handing a teller a note stating that he had a bomb.  He did the same thing two weeks later, this time getting away with $1,600 from a Susquehanna Bank in Philadelphia.  He returned to the same bank about two weeks later and threatened to shoot the tellers if they did not give him money.  The tellers put $1,300 in a bag but also hid a GPS tracker.  Philadelphia Police arrested Matthews in his car and found the money, the tracker and a toy gun.  He was charged with robbery and related offenses for all three robberies.

After Matthews was held for court, the trial court ordered that he undergo a mental health evaluation to determine whether he was competent to stand trial.  Matthews, however, refused to cooperate.  This began a three-plus year standstill due to Matthew's refusal to cooperate with the trial court's numerous orders for a mental health evaluation.  Throughout this delay,

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Matthews filed continuous *pro se* filings and sought to remove trial counsel. Finally, on June 22, 2018, after Matthews had been found competent to stand trial, the trial court held a ***Grazier*** hearing.[1]  At the end of the hearing, the trial court allowed him to proceed *pro se* and ordered counsel to remain as standby counsel for his scheduled October 2018 trial.

As trial approached, the Commonwealth offered Matthews a closed plea agreement.  Under its terms, Matthews would plead guilty in each case to one count of robbery—threatens immediate serious bodily injury,[2] and be sentenced to three to six years' imprisonment followed by four years of probation.  Matthews at first rejected the offer but later changed his mind.  As a result, on October 15, 2018, the trial court accepted the plea agreement after conducting an on-the-record colloquy and imposed the agreed sentence in each case.  Matthews did not seek further review.

On May 9, 2019, Matthews filed a timely first petition for relief under the PCRA.  The PCRA court appointed counsel but allowed him to withdraw for employment purposes, following which new counsel was appointed.  Counsel filed an amended petition, raising four grounds for relief:  (1) constitutional violations; (2) ineffective assistance of counsel; (3) unlawfully induced guilty

---

[1] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) (requiring on-the-record inquiry determining whether waiver of counsel is knowing, intelligent and voluntary).

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

plea; and (4) tribunal without jurisdiction.[3] After the Commonwealth

responded by filing a motion to dismiss, the PCRA court gave Matthews notice

of its intent to dismiss under Pa.R.Crim.P. 907. Upon receiving no response,

the PCRA court entered a final order dismissing the petition.

After his petition was dismissed, Matthews timely appealed,[4] and both

he and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Matthews

raises five issues for review:

> 1. Whether the PCRA court erred by dismissing the PCRA petition
> when clear and convincing evidence was presented to establish
> that trial counsel was ineffective for failing to object to the legality
> and propriety of the bills of information, failing to object the lack
> of *in personam* and subject matter jurisdiction of the trial court,
> and failing to protect appellant's constitutional right to a speedy
> trial.
>
> 2. Whether the PCRA court erred by dismissing the PCRA petition
> when clear and convincing evidence was presented to establish
> violations of appellant's constitutional rights under the United
> States and Pennsylvania Constitutions.
>
> 3. Whether the PCRA court erred by dismissing the PCRA petition
> when clear and convincing evidence was presented to establish
> that trial counsel's ineffectiveness was the causal nexus of
> appellant's unlawfully induced guilty pleas.
>
> 4. Whether the PCRA court erred by dismissing the PCRA petition
> when clear and convincing evidence was presented to establish
> that the trial court's lack of subject matter and *in personam*
> jurisdiction created a tribunal without proper jurisdiction.

---

[3] 42 Pa.C.S. §§ 9543(a)(2)(i), (ii), (iii) and (viii), respectively.

[4] Matthews filed a separate notice of appeal at each docket number pursuant to **Commonwealth v. Walker,** 185 A.3d 969 (Pa. 2018). This Court *sua sponte* consolidated these cases on May 5, 2021. **See** Pa.R.A.P. 513.

5. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Matthews's Brief at 8.[5]

## II.

## A. Jurisdictional Claim

For ease of discussion, we begin with Matthews's jurisdictional claim. Under § 9543(a)(2)(viii), the PCRA provides relief from convictions that result from "[a] proceeding in a tribunal without jurisdiction." 42 Pa.C.S. § 9543(a)(2)(viii). In his argument, Matthews asserts that the "the trial court record and plea colloquy was absent of any testimony or evidence establishing a *corpus delecti*." He also asserts that the Commonwealth "never established the validity of the bills of information," and that he was entitled to a hearing to prove that they were "illegal, improper, void and forged."

Beginning with the bills of information, Pennsylvania Rule of Criminal Procedure 560 sets forth the required contents of an information as follows:

---

[5] In reviewing a denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. *See Commonwealth v. Lopez*, 249 A.3d 993, 998 (Pa. 2021). "The PCRA court's findings and the evidence of record are viewed in the light most favorable to the Commonwealth as the winner before the PCRA court." *Id.* (citation omitted). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017).

(1) a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

(2) the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;

(3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

(4) the county where the offense is alleged to have been committed;

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint;

(6) a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth."

Pa.R.Crim.P. 560(B)(1)-(6).[6]

The Commonwealth's bills of information complied with Rule 560. First, each information has a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania. Second, each information identifies Matthews as the defendant. Third, each information states when the offenses were committed. Fourth, each

_____

[6] When the Commonwealth filed the bills of information, Rule 560 did not include current subdivision (B)(7), which states that the information will include "a certification that the information complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* regarding confidential information and documents."

information states that the offenses were committed in Philadelphia. Fifth, each information provides the elements of the offenses. And sixth, each information states, "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth." Matthews fails to explain in what manner the bills of information were defective, nor did he plead or provide proof to support his claim that they were "illegal, improper, void and forged." Thus, any claim that the bills of information were defective is meritless.

We likewise reject his claim that the Commonwealth did not provide evidence at the guilty plea establishing *corpus delecti*. Indeed, the Commonwealth's recitation of each offense adhered to the elements of the offenses and established that Matthews committed them in Philadelphia. **See** N.T., 10/15/18, at 14-17. Similar to his claim about the bills of information, he fails to explain how the trial court lacked jurisdiction or what information the Commonwealth failed to present during the guilty plea hearing that deprived the trial court of jurisdiction. As a result, the PCRA court properly found that his jurisdiction claim did not raise a genuine issue of material fact requiring an evidentiary hearing.

### B. Constitutional Speedy Trial Claim

We next consider Matthews's claim that he was entitled to relief under § 9543(a)(2)(i), which provides PCRA relief for convictions resulting from "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i).

Matthews alleges that his speedy trial rights were violated because it took over three years from the date of his arrest until he entered his guilty plea, giving little analysis beyond observing that he did not plead guilty until after two years had passed after the mechanical run date.

Matthews, however, waived this claim by pleading guilty. Generally, a guilty plea waives all non-jurisdictional defects, other than legality of sentence and the validity of the plea. ***Commonwealth v. Stradley***, 50 A.3d 769, 771 (Pa. Super. 2012) (stating when defendant enters guilty plea, he waives all defects and defenses except those concerning validity of plea, jurisdiction of trial court and legality of sentence imposed). ***See also Commonwealth v. Lippert***, 85 A.3d 1095, 1100 n.3 (Pa. Super. 2014) ("It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case."). Where a defendant enters a plea, an alleged violation of Rule 600 is only reviewable to the extent that the violation affected the voluntariness of that plea. ***Commonwealth v. Sisneros***, 692 A.2d 1105, 1107 (Pa. Super. 1997).

Matthews entered his guilty plea on October 15, 2018, following which he did not file a post-sentence motion or a direct appeal. Because he does not assert that the alleged speedy trial violation impacted the validity of his plea, he waived his speedy trial challenge under Section 9543(a)(2)(i). ***See***

42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). We, thus, agree with the PCRA court that his constitutional claim did not raise a genuine issue of material fact requiring an evidentiary hearing.

### C. Unlawfully Induced Guilty Plea Claim

Matthews also claims that he was entitled to relief under § 9543(a)(2)(iii), which permits PCRA relief for "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). He asserts that he should have been allowed to prove that trial counsel's ineffectiveness caused him to enter the plea.

First, Matthews ignores that he waived his right to representation and proceeded *pro se* with his guilty plea. By doing so, he cannot now raise a claim of ineffective assistance of standby counsel. *See Commonwealth v. Williams*, 196 A.3d 1021, 1027 (Pa. 2018) ("We will not consider any ineffectiveness claims that arise from the period of self-representation.").

> When a defendant elects to proceed at trial *pro se,* the defendant—and not standby counsel—is in fact counsel of record and is responsible for trying the case. This understanding of the limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* must be honored out of that respect for the individual which is the lifeblood of the law even when the defendant acts to his or her own detriment.

*Id*. (citations and quotation marks omitted). A defendant who chooses to represent himself cannot obtain PCRA relief by raising claims of ineffective assistance of standby counsel by claiming that standby counsel unlawfully induced his guilty plea.

Second, he waived any challenge to the voluntariness of his guilty plea by failing to file any post-sentence motion or direct appeal. ***See Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012) ("While Appellant focuses on the voluntariness of his guilty plea, that issue should have been raised on direct appeal; it was not. Therefore the issue is waived.") (footnote omitted).

Third, even if preserved, the claim lacks merit because Matthews did not show how his plea was involuntary. "A valid guilty plea must be knowingly, intelligently, and voluntarily entered." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Id*. (citations omitted); ***see also*** Pa.R.Crim.P. 590.

As the PCRA court summarized, the totality of the circumstances reflects that his plea was voluntary.

> … On October 15, 2018, [Matthews] signed a written guilty plea colloquy and engaged in an extensive oral colloquy with this Court. During the oral colloquy, [Matthews] acknowledged that it was his decision to plead guilty. N.T. 10/15/18, at 6, 13. He also acknowledged that he reviewed the four-page written colloquy with standby counsel and voluntarily signed the agreements. *Id*. at 7-8. [Matthews] testified that he understood the elements of the robbery charges he was facing, as well as the maximum sentence and fine that could be imposed. *Id*. at 9. He also indicated that he understood his right to a jury trial, and that he is presumed innocent until proven guilty. *Id*. at 9-10. [Matthews's] colloquy belies the claim that his plea was not knowingly, intelligently, and voluntarily entered.

PCRA Court Opinion (PCO), 4/27/21, at 7-8.

Moreover, the PCRA court summarized the factual basis for the offenses that the Commonwealth outlined at the guilty plea hearing.

> Here, [Matthews] pleaded guilty to three counts of robbery. The Crimes Code defines the relevant robbery statute as follows: "A person is guilty of robbery if, in the course of committing a theft, he: … (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S. § 3701(a)(1)(ii). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." ***Commonwealth v. Kubis***, 978 A.2d 391, 398 (Pa. Super. 2009) (citation omitted). The Commonwealth set forth the factual bases of [Matthews's] crimes in detail. *See* N.T. 10/15/18, at 14-17.
>
> At docket CP-51-CR-0006648-2015, the evidence would establish that on January 20, 2015, [Matthews] entered the Republic Bank located at 1601 Walnut Street in Philadelphia, approached the bank teller, stated he was in possession of a bomb, and also handed a note to her that said, "Suicide bomber. Allahu akbar." *Id*. at 14. The bank teller responded by handing over $5,250 to [Matthews]. *Id*.

- 11 -

At docket CP-51-CR-0006649-2015, the evidence would show that on February 3, 2015, [Matthews] entered the Susquehanna Bank located at 1845 Walnut Street in Philadelphia, approached the bank teller, and handed her a note that said, "Suicide bomber. Allahu akbar." *Id*. at 15. In response, the bank teller gave approximately $1,600 to [Matthews]. *Id*.

At docket CP-51-CR-0002463-2015, the evidence would establish that [Matthews] entered the same Susquehanna Bank, approached the same bank teller, and threatened to shoot her if she did not give [Matthews] money. *Id*. at 16. The bank teller and several others placed approximately $1,300 into a bag, along with a GPS tracker, and called 911. *Id*.

It is clear that in each case, [Matthews] threatened the bank tellers with physical harm in order to obtain money. Further, had [Matthews] carried out these threats, they would have amounted to serious bodily injury, as both a bomb and a gun would surely cause "substantial risk of death … serious, permanent disfigurement or protracted loss or impairment of the function of [a] bodily member or organ." *Kubis*, 978 A.2d at 398. Accordingly, [Matthews's] claim that the Commonwealth failed to establish a factual basis for the robbery charges lacks merit.

PCO at 8-9.

We agree with the PCRA court, as its on-the-record colloquy complied with the requirements of Rule 590. Thus, the PCRA court did not abuse its discretion in finding that Matthews's guilty plea claim did not raise a genuine issue of material fact requiring an evidentiary hearing.

**D. Ineffective Assistance of Counsel Claim**

Finally, Matthews contends that he raised a meritorious claim of ineffective assistance of counsel in his amended petition, alleging that trial counsel was ineffective for (1) not challenging "the legality and propriety of the bills of information," (2) not objecting to the lack of *in personam* and

subject matter jurisdiction of the trial court, and (3) not filing a speedy trial motion under Pa.R.Crim.P. 600.

"To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Sarvey**, 199 A.3d 436, 452 (Pa. Super. 2018). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." **Commonwealth v. Robinson**, 877 A.2d 433, 439 (Pa. 2005) (citation omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012).

Matthews's ineffectiveness claims rehash other claims that we have already found lacking arguable merit. First, as discussed, he fails to show how the bills of information were defective, even though they contained the required contents for a valid criminal information under Rule 560. **See supra** at 6-7. The same is true for his claim that trial counsel should have challenged the trial court's jurisdiction, as he fails to explain how the trial court did not have jurisdiction when he was accused of committing offenses under the Crimes Code in Philadelphia. **See supra** at 7.

That leaves his final claim that trial counsel was ineffective for not filing a motion to dismiss for speedy trial violations. As discussed, Matthews cannot establish a constitutional violation under § 9543(a)(2)(i) because he decided

to enter a guilty plea after waiving his right to counsel and then sought no further review. ***See supra*** at 8-9. In this issue, though, he styles his speedy trial claim as an ineffectiveness claim, as he alleges that trial counsel should have moved to dismiss under Rule 600 while he was still entered as counsel.

This Court has explained:

Rule 600 provides in pertinent part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Rule 600 further states:

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

To summarize, the courts of this Commonwealth employ three steps ... in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

***Commonwealth v. Holt***, 175 A.3d 1014, 1019 (Pa. Super. 2017).

Ordinarily, when a Rule 600 motion is filed, the Commonwealth has the burden to establish that it acted with due diligence in bringing a defendant to trial. Because we are on collateral review, Matthews bears both the burdens of production and persuasion in demonstrating that he was prejudiced by the failure of trial counsel to file a Rule 600 motion. ***See Commonwealth v.***

*Rega*, 933 A.2d 997, 1018 (Pa. 2007) ("The burden of proving ineffectiveness rests with Appellant.").

In his amended petition, Matthews provided no substantive argument for the arguable merits of his Rule 600 claim, failing to give any kind of time computation for what periods of time were attributable to him, the Commonwealth, or could be deemed excludable or excusable delay. He does the same in his brief to this Court, failing to give any substantive argument for a claim that conforms to the three steps outlined above for determining Rule 600 issues. Such an analysis is needed in a case like this because the trial court needed to ensure that Matthews was competent, but that he refused to cooperate with the court's numerous orders for mental health examinations.

Instead of developing any substantive argument, Matthews merely contends that his claim has arguable merit because he did not plead guilty until after three years after the criminal complaints were filed. A criminal defendant, however, is not automatically entitled to dismissal under Rule 600 if his or her trial commences after the mechanical run date. *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013). Dismissal is appropriate only if the defendant has not been brought to trial by the expiration of the adjusted run date. *Id*.

Despite having the burden, Matthews has never attempted to calculate an adjusted run date in any of his cases. By failing to do so, he has failed to plead and prove the arguable merit prong of his claim that trial counsel was

ineffective for not filing a Rule 600 motion. As a result, the PCRA court properly found that this claim did not raise a genuine issue of material fact requiring an evidentiary hearing.

For these reasons, we conclude that the PCRA court properly determined that Matthews was not entitled to an evidentiary hearing, as none of the four grounds for relief in his amended petition raise any genuine issues of material fact.[7]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *9/29/2021*

---

[7] Having found none of the asserted bases for relief required an evidentiary hearing, we need not address Matthews's fifth issue, as he merely asserts that he should have been granted an evidentiary hearing to develop his claims.