J-S04039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERIBERTO DIAZ | : | |
| | : | |
| Appellant | : | No. 1651 EDA 2024 |

Appeal from the PCRA Order Entered May 13, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003459-2019

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 5, 2025**

Appellant, Heriberto Diaz, appeals, *pro se*, from the denial without a hearing of his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* ("PCRA"), collaterally challenging jury convictions of attempted arson, recklessly endangering another person ("REAP"), possession of heroin with intent to deliver ("PWID"), and possession of drug paraphernalia. We affirm.

In Appellant's direct appeal, we set forth the pertinent factual background:

> On May 4, 2019, the Bethlehem Police Department responded to a report regarding a possible fire in Room 7 of a hotel located at 716 East Fifth Street. Appellant was the sole occupant of the room when police arrived. Appellant told police that he had used crushed paper and lighters to burn the wall and doorframe of the room, and that the fire had spread to the ceiling. Police officers escorted Appellant out of his hotel room and into the common area, where Appellant sat in a chair while the police called for an

*Retired Senior Judge assigned to the Superior Court

ambulance. When the ambulance arrived, Appellant stood up from his seat, and a used syringe needle filled with blood [that] fell from his person and onto the ground. After Officer Robert Taylor saw the syringe, he conducted a pat-down search of Appellant for officer safety.

During the search, Officer Taylor felt a bulge in Appellant's leg area, at which point Appellant stated that he was an "addict" and that the bulge was a pouch filled with heroin. Ultimately, Officer Taylor recovered [from Appellant] $544 in currency, three loose packets of heroin, and 21 bundles of heroin which [collectively] contained an additional 210 packets.

On December 3, 2019, the Commonwealth charged [a]ppellant with criminal attempt to commit arson, REAP, PWID, simple possession, and possession of drug paraphernalia.[1] The criminal information stated that the drug-related charges were based on the evidence that Appellant had possessed 213 packets of heroin.

[1] 18 Pa.C.S. §§ 901(a), 3301(a)(1)(ii); 2705; 35 P.S. §§ 780-113(a)(30); (a)(16); and (a)(32), respectively.

*Commonwealth v. Diaz*, 2023 WL 3066794, *1 (Pa. Super. 2023) (unpublished memorandum) (1587 EDA 2022).

A jury found Appellant guilty of all charges. On May 18, 2022, the court imposed an aggregate term of seven years and eleven months to twenty-five years' incarceration. On direct appeal, this Court vacated a concurrent term of sentence for simple possession because the conviction merged with the conviction for PWID for sentencing purposes as both were based on the same criminal act. *Id.* at *7. We affirmed the judgment of sentence in all other respects and did not remand the matter. *Id.* at *8. In doing so, we addressed, *inter alia*, Appellant's assertion that the trial court failed to consider his mental health condition when imposing its sentence. *Id.* at *6 n.9. We ruled in the alternative to waiver that the "record reflects that the trial court reviewed a

- 2 -

pre-sentence investigation (PSI) report and a mental health evaluation prior to sentencing." ***Id.*** Appellant did not seek further review.

Appellant timely filed a *pro se* PCRA petition on January 6, 2023. In his petition, he generically alleged violations of the state and federal constitutions and ineffective assistance of counsel, "which, in the circumstances of this particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." PCRA Petition, ¶ 8. He also stated that the allegations of ineffective assistance of counsel were directed at a previously litigated issue of "his mental ability to stand trial … plus the issue of [his] mental history." ***Id.***, ¶ 13. The PCRA court appointed counsel to represent Appellant.

On January 26, 2024, appointed counsel filed a letter in accordance with ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), explaining that she could find no issues of merit to raise and seeking permission to withdraw. ***Finley*** Letter, 1-2.[1] Upon discussion with Appellant,

_____

[1] PCRA counsel attested the pleadings were served on Appellant. ***See*** Petition for Withdrawal, ¶ 6. Appellant later claimed that PCRA counsel did not use the appropriate procedures for sending mail to prisoners and sought leave to respond *nunc pro tunc*. ***See*** Appellant's Motion to Reinstate Rule 907 Rights, 3/6/24, ¶ 7. In addition, on July 6, 2023, Appellant filed a motion to compel trial counsel to provide him with the certified record, transcripts and discovery from his trial, and subsequently a petition for writ of mandamus in the Supreme Court of Pennsylvania. ***See Commonwealth v. Diaz***, No. 131 MM 2023. By order filed March 8, 2024, the PCRA court granted Appellant an additional 60 days to file a response to the Rule 907 Notice and dismissed his motion to compel as moot because PCRA counsel was appointed for him
*(Footnote Continued Next Page)*

PCRA counsel discerned that Appellant alleged prior counsel's ineffective assistance for two reasons: failing to focus on Appellant's mental health status at the time of the offense; and "for the length of time it took for [Appellant] to be tried." *Id*., 5. Counsel found these claims to be meritless, and also previously addressed by the trial court in its opinion filed for direct appeal. *See id*., 5-7.

On February 1, 2024, the PCRA court, which was also the trial court, filed its notice of intention to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In the notice, the PCRA court agreed with "PCRA counsel that there [were] no viable issues to be raised." Rule 907 Notice, 2. With respect to Appellant's claim based on Rule 600, the court noted it had denied the motion to dismiss filed by trial counsel because Appellant entered a guilty plea that he withdrew on August 21, 2020, commencing a new Rule 600 period. *Id.*, 4; *see* Pa.R.Crim.P. 600(A)(2)(d). The court noted that because of the judicial emergency due to the COVID-19 pandemic, Rule 600 was suspended through August 31, 2021. *Id.* After which, '[t]rial was specially scheduled at the first available date, commencing April 12, 2022." *Id.* With respect to the claim that counsel was ineffective by not properly raising the issue of Appellant's mental health at trial, the PCRA court noted that Appellant's "competency was not an issue at or before trial" and he "actively

_____

thereby obviating the need for discovery from trial counsel. *See* PCRA Court Order, 3/8/24.

participated in his defense," including testifying to his previous mental health diagnoses. *Id.* Further, counsel argued to the jury that his mental health impacted his ability to intentionally conduct the acts in question. *Id.*

On May 6, 2024, Appellant filed a document styled as "Petitioner's *Pro Se* Amended Post Conviction Collateral Relief Act Petition." In this amended petition, Appellant argued that the trial court erred in denying his pre-trial Rule 600 motion and alleged constitutional speedy trial violations, where his trial took place more than 120 days after the withdrawal of his guilty plea. *See* Amended PCRA Petition, 7-12 (unpaginated). In addition, Appellant alleged, for the first time, three new instances of ineffective assistance by trial counsel: (1) for not seeking suppression of Appellant's statement to police officers as a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) for not seeking a curative instruction when Appellant testified about his pretrial incarceration; and (3) for not calling Appellant's neighbor, Christina Walker, to testify to the "truth" of his belief about police actions prior to setting fire to his apartment. *See* Amended Petition, 12-21 (unpaginated). Appellant appended to his amended petition documents relating to his Rule 600 claim but did not append proffers of testimony or other evidence for any of his allegations of ineffective assistance.

On May 13, 2024, the PCRA court dismissed the petition and denied a hearing on the new claims alleged in the amended PCRA petition. It explained that Appellant's Rule 600 motion was addressed by the court in the direct

appeal and that, even under Appellant's calculations that include "defense-requested continuances," only 244 days had "elapsed relevant to any Rule 600 computation." PCRA Court Order, 5/13/24, 1. With respect to Appellant's newly-raised allegations of ineffective assistance, the PCRA court explained that Appellant failed to demonstrate prejudice where there was ample physical evidence to sustain his convictions:

> As addressed on direct appeal, the evidence established that[,] upon responding to a report, of a fire, police encountered [Appellant], and in the process of providing [him] with medical assistance, he was found to be in possession of more than 200 packets of heroin, both in his pockets and underwear. … Similarly, the physical evidence related to the arson offense established that the fire in [Appellant's] room was intentionally lit by igniting newspaper in an occupied boarding house. … Furthermore, [appellant] elected to testify at trial to explain why he started the fire[,] and the jury was entitled to make credibility determinations in reaching its verdict. There is no basis to find that [Appellant] was deprived of a fair trial.

*Id.*, 2.

Appellant filed a *pro se* notice of appeal post-marked from prison on Monday, June 17, 2024.[2] Appellant complied with the PCRA court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Rule 1925(b) statement Appellant asserted the four claims from his amended PCRA petition. The PCRA court filed an opinion pursuant to Rule 1925(a) setting forth that that the reasons for denying PCRA

---

[2] We find the notice of appeal was timely filed pursuant to the prisoner mailbox rule. **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007).

relief without a hearing may be found in its February 2, 2024, Rule 907 Notice, and its May 13, 2024, order.

Appellant's claims on appeal are as follows:

1.  Did the [PCRA c]ourt err in its finding that Appellant's constitutionally protected right to a [p]rompt [t]rial under Pa.R.Crim.P 600 was not violated?

2.  Did the [PCRA c]ourt err in its finding, based on a preponderance of the evidence, that Appellant's trial counsel was not ineffective for failing to request suppression of/failure to object to [Appellant's] prearrest statements made to police where police violated [his] Fifth Amendment to the United States Constitution right to remain silent/protection against self-incrimination by failing to **Mirandize** [him]?

3.  Did the [PCRA c]ourt err in its finding, based on a preponderance of the evidence, that Appellant's trial counsel was not ineffective for failing to request a curative instruction after eliciting testimony from [Appellant] about pretrial incarceration?

4.  Did the [PCRA c]ourt err in its finding, based on a preponderance of the evidence and totality of the circumstances, that Appellant's trial counsel was not ineffective for failing to call [] Walker as a witness to establish the truth of [Appellant's] statement to police of persons attempting to break-in, not intent to destroy property or injure persons, as motive to start fire?

Appellant's Brief, 2.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018). "When supported by the record, the PCRA court's credibility determinations are binding on this

- 7 -

Court, but we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id***.

To be eligible for PCRA relief, a petitioner must plead, and then prove by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2), his claims have not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3), (a)(4); ***see*** also ***Commonwealth v. Robinson***, 82 A.3d 998, 1005 (Pa. 2013). An issue is waived if a petitioner "could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Appellant's first claim was improperly raised before the PCRA court as a claim of direct trial court error in denying his pre-trial Rule 600 motion. Appellant's Rule 600 claim could have been raised on direct appeal and was not.[3] The Rule 600 claim also could have been raised before the PCRA court

_____

[3] Appellant also asserted a constitutional speedy trial claim in his amended petition. An assertion that constitutional speedy trial rights were violated is distinct from an assertion that Rule 600 was violated. ***See Commonwealth v. Miskovitch***, 64 A.3d 672, 678-679 (Pa. Super. 2013) (addressing Rule 600 and speedy trial claims separately and under different standards). Appellant's constitutional speedy trial claim is unreviewable for all of the same reasons as his Rule 600 claim, and also because it was never raised pre-trial and thus was not a proper subject for a direct review claim of trial court error at all. ***See Commonwealth v. Kimbrough***, 872 A.2d 1244, 1256 (Pa. Super. 2005) (*en banc*) (assertion of Rule 600 violation is not encompassed within a constitutional speedy trial claim).

within an allegation of prior counsel's ineffective assistance for not briefing it on direct appeal, but it was not. **See** 42 Pa.C.S. § 9544(b). Claims raised in a PCRA petition that could have been raised on direct appeal are waived from review unless developed as an allegation of prior counsel's ineffective assistance. **Commonwealth v. Roney**, 79 A.3d 595, 609 (Pa. 2013). **See also Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa. Super. 2007) (direct claims of trial court error that could have been raised in direct appeal are waived under PCRA). Accordingly, Appellant's Rule 600 claim is unreviewable.

In the alternative, Appellant's Rule 600 claim is wholly without merit. The trial court explained its denial of the Rule 600 motion in its Rule 1925(a) opinion on direct appeal, as follows:

> … [Appellant] withdrew a previously entered guilty plea on August 21, 2020, thereby excluding any time prior to that date. See Pa.R.Crim.P. 600(A)(2)(d); **Commonwealth v. Betz**, 664 A.2d 600[, 603] (Pa. Super. 1995). Additionally, the declaration of a judicial emergency related to the ongoing pandemic excluded the time between August 21, 2020 and August 31, 2021. Thereafter, trial continuances were requested by the defense on September 20, 2021 and October 27, 2021, such that time delay between September 20, 2021 and April 4, 2022 was attributable to [Appellant]. Finally, we note that trial was specially scheduled at the first available date, commencing on April 12, 2022.

Trial Court Opinion, 8/18/22, 2. We agree with the trial court's analysis and add that Appellant's reliance on the 120-day provision within subsection B of Rule 600 is mistaken. **See** Appellant's Brief, 12. Rule 600(B)(4) only governs whether Appellant is entitled to nominal bail 120 days after withdrawing his

guilty plea. **See** Pa.R.Crim.P 600(B) (governing pretrial incarceration). That rule would not entitle him to a discharge, even if violated. **See** Pa.R.Crim.P. 600(D)(2); **Commonwealth v. Montgomery**, 861 A.2d 304, 309 (Pa. Super. 2004). We therefore conclude that Appellant is entitled to no relief on his first issue.

We now turn to the claims raised by Appellant for the first time in his *pro se* amended petition. Initially, we note that the PCRA court did not explicitly grant, as required by Pa.R.Crim.P. 905(A), Appellant's request for leave to file an amendment to his petition, which was included in his request for a *nunc pro tunc* extension to file a response to the court's Rule 907 notice. **Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014) ("it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not 'self-authorizing'"). Nevertheless, the PCRA court addressed Appellant's allegations of ineffective assistance of trial counsel in its order denying PCRA relief. **See** PCRA Court Order, 5/13/24, 2. We are therefore constrained to find the PCRA court "implicitly permitted amendment under Rule 905(A)." **Commonwealth v. Brown**, 141 A.3d 491, 504 (Pa. Super. 2016). Accordingly, the allegations of ineffectiveness of trial counsel are properly before us.

Our well-settled standard of review provides:

With respect to claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2)

counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. With regard to the second prong (reasonable basis), "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative "offered a potential for success substantially greater than the course actually pursued." Our review of counsel's performance "must be highly deferential." To establish the third element (prejudice), the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

**Brown**, 196 A.3d at 150–51 (internal citations omitted). A failure to satisfy any of the three prongs is fatal to the petitioner's claim that counsel was ineffective. **Id.** at 151; **Commonwealth v. Midgley**, 289 A.3d 1111, 1119 (Pa. Super. 2023).

In his second issue on appeal and first allegation of ineffective assistance, Appellant argues that trial counsel should have moved to suppress his statements to the police officer at the scene. Specifically, counsel should have moved to suppress, on the grounds that he was subject to custodial interrogation and had not been properly apprised of his rights under **Miranda**, Appellant's statements that he was an "addict" and that the bulge the officer felt while frisking him was heroin. **See** Appellant's Brief, 19-20.

"In order to trigger the safeguards of **Miranda**, there must be both custody and interrogation." **Commonwealth v. Heggins**, 809 A.2d 908, 914 (Pa. Super. 2002). **Accord Commonwealth v. Yandamuri**, 159 A.3d 503, 520 (Pa. 2017); **Commonwealth v. Turner**, 772 A.2d 970, 973 (Pa. Super.

2001) (*en banc*). In evaluating whether **Miranda** warnings were necessary, a court must consider the totality of the circumstances. *See Commonwealth v. Gaul*, 912 A.2d 252, 255 (Pa. 2006); *Commonwealth v. Williams*, 640 A.2d 1251, 1259 (Pa. 1994). "Interrogation" is defined as "questioning initiated by law enforcement officials." *Miranda*, 384 U.S. at 444. *Miranda* safeguards were extended to the "functional equivalent" of express questioning, that is, "whenever a person in custody is subjected to express questioning or" to "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1984).

The PCRA court ruled that Appellant failed to demonstrate prejudice because "police encountered [him], and in the process of providing [him] with medical assistance, he was found to be in possession of more than 200 packets of heroin, both in his pockets and underwear." PCRA Court Order, 5/13/24, 2. His admission to being an "addict" in possession of heroin, therefore, was immaterial to the Commonwealth's proof of his guilt. We agree with the PCRA court that Appellant did not demonstrate the admission of his statement at the scene caused actual prejudice.

We also agree with the Commonwealth that suppression would not have been warranted. *See* Appellee's Brief, 12-15. Even assuming Appellant was in custody at the time, he blurted out the fact that he was an "addict" in possession of heroin. *See Diaz*, 2023 WL 3066794 at *1 ("During the search,

Officer Taylor felt a bulge in Appellant's leg area, at which point Appellant stated that he was an 'addict' and that the bulge was a pouch filled with heroin"). "It is well established in Pennsylvania that volunteered or spontaneous utterances are admissible even though the declarant was not '***Mirandized***.'" ***Commonwealth v. Baez***, 720 A.2d 711, 720 (Pa. 1998) (footnote omitted). Where, as here, a defendant spontaneously volunteered a statement, *i.e.*, one "not made in response to any police questioning," then suppression on ***Miranda*** grounds would be erroneous. ***Commonwealth v. Johnson***, 42 A.3d 1017, 1029 (Pa. 2012). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Davis***, 262 A.3d 589, 596 (Pa. Super. 2021). Accordingly, Appellant is not entitled to relief on this allegation of ineffective assistance.

In his third issue, Appellant argues that trial counsel had no reasonable basis to elicit from him that he had been in prison prior to trial and claims counsel was ineffective for not requesting a curative instruction. Appellant's Brief, 23-24. The PCRA court ruled that Appellant had failed to demonstrate actual prejudice because he testified at trial and the jury was entitled to make credibility determinations against him in reaching its verdict. PCRA Court Order, 5/13/24, 2.

We agree; our review of Appellant's testimony shows that it was self-incriminating, with his admission to having been in prison prior to trial as

comprising the least damaging part of his testimony.[4] In light of the overall effect of Appellant's testimony, we conclude that a curative instruction would not have altered the verdict. Thus, Appellant "failed to establish a reasonable probability that the outcome of his trial would have been different absent counsel's alleged failure." ***Commonwealth v. Dowling***, 316 A.3d 32, 45 (Pa. 2024).[5] Accordingly, this allegation of ineffective assistance failed for a lack of prejudice.

In his final allegation of ineffective assistance, Appellant alleges that trial counsel should have called "Christina Walker," his neighbor at the boarding house, to testify, consistently with her statement to police, that she had heard him arguing with someone and screaming in his room for at least 30 minutes before the police arrived. Appellant's Brief, 25. ***See also*** N.T. Trial,

---

[4] ***See*** N.T. Trial, 4/13/22, 149 (Appellant admits to setting fire in his boarding house room to set off a smoke detector); 154 (Appellant admits to shoving a blue plastic bag with packets of heroin into his pants); 155-156 (Appellant admits to possessing a needle that he used to inject heroin which then dropped to the floor in front of police officers); 157 (Appellant admits to police that he possessed the packets of heroin found in his pants); 160 (Appellant admits to knowing he possessed approximately 220 packets of heroin); 169 (Appellant admits to travelling to Philadelphia to purchase in bulk 24 bundles of heroin for the price of 20 bundles).

[5] In addition, Appellant did not proffer evidence to establish that trial counsel had no reasonable basis for asking him where he had lived in the 32 months before trial. This deficiency alone is fatal to this claim because Appellant had the burden of proof with respect to each element of the allegation of ineffective assistance. ***Commonwealth v. Reed***, 42 A.3d 314, 324 (Pa. Super. 2012) ("If a reasonable basis exists for the particular course, the inquiry ends and counsel's performance is deemed constitutionally effective").

4/13/22, 30. Appellant contends that Walker's testimony would have corroborated his testimony that he was set upon by other persons and was trying to attract the attention of law enforcement and "was not trying to intentionally burn down the occupied structure." Appellant's Brief, 25.

Appellant did not satisfy the requirements for this allegation of ineffective assistance:

> As it specifically relates to a claim for ineffectiveness for the failure to call a witness, the petitioner must establish that "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial."

*Commonwealth v. Weimer*, 167 A.3d 78, 92 (Pa. Super. 2017) (quoting *Commonwealth v. Matias*, 63 A.3d 807, 810–811 (Pa. Super. 2013)).

Appellant did not proffer any evidence, even in the form of a certification, that Ms. Walker was available, much less willing, to testify at trial. That deficiency alone was fatal to his allegation of ineffective assistance. *Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002) (allegation of ineffectiveness failed because proffered witness "statements do not meet the second and fourth prongs of the test because they do not indicate whether the individuals were available and willing to cooperate with the defense"). *See also Weimer,* 167 A.3d at 93 (absence of proof that alleged witness "was willing and available to testify on the defendant's behalf," among the reasons allegation of ineffective assistance failed); *Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004) ("Ineffectiveness for failing to call a witness

- 15 -

will not be found where a defendant fails to provide [evidence] from the alleged witnesses indicating availability and willingness to cooperate with the defense"). Indeed, the trial record supports a conclusion that Ms. Walker was not available to testify at trial. Officer Michael Ozoa testified that prior to trial he attempted to locate her on behalf of the Commonwealth using the contact information she had provided, but was unable to find her and determined that the phone number she had provided was no longer in use. N.T. Trial, 4/13/22, 30-31. We therefore conclude that Appellant was not entitled to any relief on this allegation of ineffective assistance.

In addition, Appellant failed to demonstrate prejudice from the lack of Walker's testimony. At trial, Officer Ozoa testified that he responded to the scene based on a 911 call made by Ms. Walker, who had reported "she smelled smoke … coming from [Appellant's] room" and heard what "sounded like two people were arguing in [the] apartment next to her." N.T. trial, 4/13/22, 30. From this testimony about Ms. Walker's report to the police, it is clear she was not in the room with Appellant and therefore could not corroborate any of his exculpatory claims. Moreover, the jury heard the substance of the evidence Appellant now claims counsel should have presented. The jury nonetheless found him guilty. Appellant provided no reason for us to find that her live testimony, even if it could have been obtained, would have altered the verdict.

Accordingly, we affirm the PCRA court's order denying PCRA relief without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2025